643 So.2d 1157 (1994)
John Angus WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1693.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
Rehearing Denied November 3, 1994.
John Angus Wright, pro se appellant.
No appearance for appellee.
PER CURIAM.
This is an appeal from an order of the trial court of March 24, 1994, denying appellant's rule 3.800 motion for correction of illegal sentence. On April 1st appellant mailed his motion for rehearing, which was recorded as filed on April 5 and denied by order of April 12, 1994. Notice of this appeal was filed May 12, 1994.
Though it has been held that a motion for rehearing is an authorized motion in rule 3.850 cases, it is not authorized in rule 3.800 cases. Thus, a motion for rehearing fails to toll the time for appealing from an adverse judgment in a rule 3.800 case. See Campbell v. State, 637 So.2d 80 (Fla. 4th DCA 1994); Jones v. State, 635 So.2d 989 (Fla. 1st DCA 1994); Newman v. State, 610 So.2d 455 (Fla. 4th DCA 1992).
Accordingly, this appeal, filed fifty-one days after rendition of the order sought to be reviewed, is untimely filed and this court lacks jurisdiction to review the lower court's order.
APPEAL DISMISSED.
HERSEY and KLEIN, JJ., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring in the result.
Because of Campbell v. State, 637 So.2d 80 (Fla. 4th DCA 1994), and Newman v. State, 610 So.2d 455 (Fla. 4th DCA 1992), I am bound by stare decisis to concur with the result of the Court's opinion. And so I do.
But if I were writing on a clean slate in this court, I do not think I should join in a dismissal of this appeal. While I agree that rule 3.800(a)[1] does not contain the express authorization for motions for rehearing that rule 3.850[2] does, I do not believe that rule 3.800(a)'s void supplies the conclusion that we lack jurisdiction to entertain this appeal from an order denying relief under rule 3.800(a).
*1158 The purpose underlying rule 3.800(a) is unique. It is a broad grant of authority to the court to correct an illegal sentence at any time. Its obvious purpose is important. After all, if any convicted person is suffering under a sentence that is illegal[3] the defendant should have a ready, expeditious and effective tool at hand to test the illegality. That is precisely what rule 3.800(a) does. The key feature to this rule is that it lacks time constraints of any kind ("at any time"). In this respect, it is unlike rule 3.850 which contains an express time limitation of 2 years.
In my opinion, the failure of rule 3.800(a) to authorize motions for rehearing hardly suggests that they should not be done or, if done, that they could deprive a reviewing court of the power to look at the issue.[4] I do not understand why the circuit court's denial of rehearing should not be treated as itself an order denying relief from an illegal sentence, which is fully appealable to us if the notice of appeal is filed, as here, within 30 days of the court's order.[5] There is some authority for the proposition that a sentencing court never loses jurisdiction over a case where an illegal sentence has been imposed. Kiser v. Mayo, 138 Fla. 775, 190 So. 246 (1939); and Phillips v. State, 455 So.2d 656 (Fla. 5th DCA 1984). If indeed the sentence were truly illegal, and the trial court had simply not understood that fact even after a rehearing, I should think that would only make action by a higher court that much more imperative.
To those of us who worry about abuse of rule 3.800(a) by prisoners who lack any reason to restrain their attempts to quit their confinement, I simply think we should find another means to deal with the abuse. For one, the rule might be amended to allow appellate review only when the trial court can certify that the issue raised has not been previously raised by this prisoner as to this sentence,[6] and that in any event the issue is not covered by definitive precedent from the district court of appeal having jurisdiction over the trial court or the supreme court.
There being no such conditions under the current version of rule 3.800(a), I do not think we should shrink from considering whether a sentence may be illegal merely because the prisoner made two attempts to persuade the trial judge, one of them by motion for rehearing. The alternative is for the prisoner to continue serving a putatively *1159 illegal sentence while being barred from having appellate review of the trial court's decision to deny such relief. This alternative is so directly antagonistic to the plain meaning and purpose of rule 3.800(a) that I cannot believe this is what the drafters truly intended.[7]
NOTES
[1] See Fla.R.Crim.P. 3.800(a).
[2] See Fla.R.Crim.P. 3.850.
[3] A sentence is illegal when it imposes more severe punishment than the statute fixing the penalty authorizes. See Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979) (sentence is legal to the extent it is within the provisions of the statute, and void only as to the excess). When a sentence is illegal, it is void to the extent of its illegality. Pahud.
[4] It is now taken as settled that even the defendant in a criminal case cannot agree to, or acquiesce in, an illegal sentence. Williams v. State, 500 So.2d 501 (Fla. 1986) (defendant cannot by agreement confer on court authority to impose an illegal sentence); Davis v. State, 552 So.2d 338 (Fla. 4th DCA 1989) (defendant cannot acquiesce in illegal sentence); Purvis v. Lindsey, 587 So.2d 638 (1991) (same as Davis; defendant can attack illegal sentence at any time); and Reed v. State, 616 So.2d 592 (Fla. 4th DCA 1993) (defendant cannot agree to be sentenced beyond the statutory maximum). If the prisoner is incapable of taking or refusing to take action that makes effective an illegal sentence, for that surely is the import of these cases, then it is exceedingly doubtful that he could forego his right to have an appeals court consider whether his sentence is illegal merely because he tarried in front of the judge who imposed it long enough to give that judge another opportunity to change his mind.
[5] See Fla.R.App.P. 9.140(g).
[6] There is authority on the issue preclusive, or res judicata, effect of prior appellate affirmance of a sentence in which no contention of illegality was raised. See Bedford v. State, 633 So.2d 13 (Fla. 1994) (prior reversal on review of death penalty in which kidnapping sentence was affirmed without any challenge to illegality did not bar defendant from challenging illegality of kidnapping sentence by motion in trial court under rule 3.800(a)). It is certainly an open question in my mind whether a prisoner is bound by a specific trial court determination (whether or not affirmed on appeal) that a sentence is not illegal as against, e.g., discrete issue A. Even conceding that the prisoner can assert illegality "at any time" does not to my mind necessarily require that the courts indulge multiple motions over time challenging the illegality on the same essential ground. If upon reading our opinion today the prisoner here could simply file a new motion to correct an illegal sentence in the trial court raising the same contention as before, then I should not be worried that he has been left with no recourse.
[7] The First District has confronted this issue in Jones v. State, 635 So.2d 989 (Fla. 1st DCA 1994); and Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992). These cases reach the same result as we have in Campbell and Newman.