PER CURIAM.
Michael Kelly appeals from an order of restitution that was imposed as a condition of his probation. We reject Kelly’s contention that the trial court lacked jurisdiction to enter the restitution order. See L.O. v. State, 718 So.2d 155 (Fla.1998); State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996). However, we agree that the trial court erred in limiting defense counsel’s cross-examination of the State’s witness and, therefore, reverse and remand for a new restitution hearing.
Kelly argues that the trial court granted the restitution amount requested by the State before the defense was given the opportunity to effectively cross-examine the State’s only witness, Larry Ellis. We review a trial court’s limitation of cross-examination under an abuse of discretion standard. See Moore v. State, 701 So.2d 545, 549 (Fla.1997), cert. denied, — U.S. -, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998). A trial court retains wide discretion “to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.” Id. (quoting Delaware v. Van Arsdall, 475 *571 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).
After the State presented testimony on the amount of damages sustained by the victim, the trial court indicated it was granting the State’s motion for restitution after which the following exchange occurred:
[State]: Thank you, Your Honor.
[Defense]: I would like to cross-examine the -
The Court: Thank you. You don’t need to do that.
[State]: I think [the defense] has the right to cross-examine.
The Court: Waste some more of my time.
CROSS-EXAMINATION
By [Defense]:
Q. You said you bought the machine for sixteen hundred dollars?
A. That is our replacement cost.
Q. When did you buy the machine that was broken into?
A. When was that bought?
Q. Yes.
A. I couldn’t tell you.
[Defense]: Then I object to the -
The Court: I can’t wait for the Second District to get this.
[Defense]: I object.
The Court: Objection overruled. I grant what they requested, whatever that might be. Tell Nick to draw the order.
On this record, we conclude that the trial court exceeded the bounds of reasonable limitation and abused its discretion. Accordingly, we reverse the restitution order and remand for a new restitution hearing. As a result of our reversal, we decline to address the remaining issue raised.
Reversed and remanded for farther proceedings.
PARKER, C.J., and FULMER and SALCINES, JJ., Concur.