754 So.2d 85 (2000)
Terrence KING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-251.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
Terrence King, Bowling Green, pro se.
No appearance required for appellee.
PER CURIAM.
Terrence King appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he had sought additional credit for time served. In its response below, the state agreed that King was entitled to some of the credit he sought in his motion, conceding that the time King had served in prison on a split sentence before his probation was revoked should have been applied to the new prison sentence imposed in that case. However, the state disputed the remainder of the motion.
Despite this partial concession of error, the trial court denied the motion "for the reasons contained in the State's Response, copy of which is attached hereto." King moved for rehearing, alleging that the trial court had overlooked that part of the state's response that agreed to partial relief. The motion for rehearing was denied. King filed a notice of appeal within 30 days of the denial of his motion for rehearing, but more than 30 days after rendition of the original order denying his 3.800 motion.
Because motions for rehearing are not authorized by rule 3.800, King's motion did not toll the time for bringing this appeal. This court therefore lacks jurisdiction over his untimely appeal. See Wright v. State, 643 So.2d 1157, 1157 (Fla. 4th DCA 1994). Although we must dismiss this appeal, the unique facts of this case require that we do so without prejudice to King to file a new motion alleging the state's agreement and attaching its response to his earlier motion. If the trial court disagrees with the state's concession, it should make that finding clear in its order.
WARNER, C.J., POLEN and TAYLOR, JJ., concur.