890 So.2d 1261 (2005)
Scipio G. RIDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-718.
District Court of Appeal of Florida, Fifth District.
January 21, 2005.
James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.

*1262 ON MOTION FOR REHEARING
ORFINGER, J.
We deny the State of Florida's Motion for Rehearing and Rehearing En Banc, but withdraw our original opinion and issue this opinion in its place.
Scipio G. Ridley appeals a restitution order entered eighty-two days after the date of his sentencing, contending that the trial court lacked jurisdiction to proceed on the State's restitution request. We agree.
After pleading nolo contendere to burglary of a structure, grand theft and dealing in stolen property, Ridley was sentenced to prison. At sentencing, the State announced that no restitution was due. Subsequently, the State filed a notice that a restitution hearing would be held, but no motion seeking restitution. At a hearing conducted within sixty days following sentencing, the court denied the State's restitution request, erroneously concluding that it lacked jurisdiction to consider it. Rather than seeking appellate review of that decision, the State filed a motion for rehearing. Eighty-two days after sentencing, the court heard the State's motion for rehearing, and over Ridley's objection, entered a restitution order in the amount of $800. Ridley now argues that the trial court lacked jurisdiction to enter the restitution order more than sixty days after sentencing.
Restitution is a mandated part of sentencing. The failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification. See Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988). As a general rule, restitution may be imposed at the time of sentencing or within sixty days thereafter. State v. Sanderson, 625 So.2d 471 (Fla.1993). Had the court ordered restitution at sentencing or within sixty days thereafter, the court could have reserved jurisdiction to determine the amount of restitution beyond the sixty-day period. See State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996). However, that did not occur here. As a result, we conclude that the trial court did have jurisdiction to consider the imposition of restitution at the hearing conducted less than sixty days after Ridley's sentencing, but not on the authority of section 948.03(1)(e), Florida Statutes (2002), as the State argued. Chapter 948 deals exclusively with probation and community control. Because Ridley received neither probation or community control, Chapter 948 was inapplicable.
Nonetheless, when the trial court erroneously concluded that it lacked jurisdiction to consider the State's timely restitution request, the State should have asked this court to exercise its certiorari jurisdiction to review the trial court's jurisdictional ruling. See Ward v. State, 854 So.2d 260 (Fla. 1st DCA 2003). Instead, the State filed an unauthorized motion for rehearing, asserting section 775.089, Florida Statutes (2002), the criminal restitution statute, as authority for a restitution award. While the State correctly argues that section 775.089 provides jurisdiction for a restitution award, its argument fails to recognize that such jurisdiction only extends sixty days following sentencing. The State's unauthorized motion for rehearing did not have the effect of extending the trial court's jurisdiction beyond the sixty day limit. See King v. State, 754 So.2d 85, 85 (Fla. 4th DCA 2000) (recognizing that motions for rehearing are not authorized by Rule 3.800). As a result, we conclude that the trial court lacked jurisdiction to enter the restitution order eighty-two days following sentencing. Accordingly, the restitution order is reversed.
REVERSED.
*1263 PALMER, J., concurs.
PETERSON, J., concurs specially, with opinion.
PETERSON, J., concurring specially.
I concur with the majority opinion and write only to express my belief that neither the victim nor the State is precluded from pursuing restitution pursuant to section 960.292(2), Florida Statutes (2002), which provides that "[t]he court shall have continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution orders." This statute was not specifically cited in the motions leading to the restitution hearing, nor was any statutory reference made to it in the preprinted order that imposed restitution.[1]
NOTES
[1] The only reference to the statute was made at the final restitution hearing in which the State asserted that "Florida Statute 960 clearly affords relief for what we're asking." If chapter 960 was what it meant, the same deals with numerous victim assistance topics, has 34 subsections and occupies 14 pages of the Florida Statutes.