PER CURIAM.
Upon the State’s confession of error and pursuant to Florida Rule of Appellate Procedure 9.315(b), we summarily reverse the trial court’s restitution order. See State v. Sanderson, 625 So.2d 471, 473 (Fla.1993) (stating order of restitution must be imposed at time of sentencing or within sixty days thereafter); Selwyn v. State, 903 So.2d 361, 362 (Fla. 2d DCA 2005) (stating trial court is required to enter order imposing restitution within sixty days of sentencing even if it determines amount of restitution at later date); State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996) (holding sixty days after sentencing the trial court loses jurisdiction to enter an order imposing restitution); Ridley v. State, 890 So.2d 1261 (Fla. 5th DCA 2005) (holding trial court lacked jurisdiction to order restitution more than sixty days after sentencing).
Reversed with instructions to strike the restitution order. The reversal is without prejudice to the State or the victim to pursue a civil restitution lien under section 960.292(2), Florida Statutes (2004). See Ridley, 890 So.2d at 1263 (Peterson, J., concurring specially).
VILLANTI, WALLACE, and LaROSE, JJ., Concur.