MONACO, J.
The State appeals the trial court’s determination that it did not have jurisdiction to issue a restitution order because more than sixty days had passed from the dispo *1162 sition. The appellee, M.M., properly and admirably concedes error. We reverse.
M.M. was charged by petition for delinquency with one count of burglary of a dwelling and one count of criminal mischief. M.M. entered into a plea agreement with the State in which he agreed to plead no contest to burglary of a dwelling, in return for the State dropping the criminal mischief count. The plea agreement also provided that M.M. was to be ordered to pay restitution and that the amount was to be reserved. At the plea hearing the trial court accepted the plea, and in accordance with the agreement ordered M.M. to pay restitution, reserving for later determination the amount of restitution. After 60 days elapsed the trial court erroneously held that it no longer had jurisdiction to order the restitution amount.
Our supreme court has held that if restitution is ordered within sixty days of sentencing, a determination of the amount to be paid can be made beyond the sixty-day period. See State v. Sanderson, 625 So.2d 471 (Fla.1993); see also L.O. v. State, 718 So.2d 155, 157 (Fla.1998) (reaffirming holding in Sanderson); Ridley v. State, 890 So.2d 1261, 1262 (Fla. 5th DCA 2005) (explaining that if a court orders restitution at sentencing or within sixty days thereafter, the court can reserve jurisdiction to determine the amount of restitution beyond the sixty-day period). These cases require reversal of the trial court’s ruling.
Accordingly, we reverse and remand for imposition of a restitution amount.
REVERSED and REMANDED.
PALMER and JACOBUS, JJ., concur.