PER CURIAM.
The State petitions this court for a writ of certiorari quashing the order of the circuit court converting Karl Stevens’ sentence from community control to probation. We grant the petition.
Stevens pled guilty to three felony counts. The circuit court withheld adjudication and sentenced him to two years community control to be followed by two years probation. The State appealed the sentence arguing that the withholding of adjudication in this case amounted to an illegal sentence. While that appeal was pending and after the expiration of the sixty-day period for modifying the sentence under Florida Rule of Criminal Procedure 3.800(b), the circuit court mitigated Stevens’ sentence by converting the community control to probation.
The State argues that the circuit court lacked jurisdiction to modify Stevens’ sentence while the appeal of that sentence was pending. We agree. See Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1984). Depending upon the outcome of the direct appeal, Stevens may seek modification of the sentence within sixty days of the circuit court’s receipt of this court's mandate in that case. See Fla.R.Crim.P. 3.800(b); State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991).
Petition for writ of certiorari granted.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.