620 So.2d 1304 (1993)
Angela SKAGGS, a/k/a Angela Dawn Skaggs, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02753.
District Court of Appeal of Florida, Second District.
July 9, 1993.
Elizabeth L. Hapner, Elizabeth L. Hapner, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
From her conviction and sentence for DUI manslaughter, the appellant claims error surrounding the qualifications of the experts who testified at trial as well as the scope of their testimony, the sufficiency of the evidence, and the restitution ordered as part of her sentence. The restitution order was entered more than sixty days after sentencing. We find no error in the two evidentiary issues raised. See Buchman v. Seaboard Coast Line R.R., 381 So.2d 229, 230 (Fla. 1980); Haas v. State, 567 So.2d 966, 968 (Fla. 5th DCA 1990), approved, 597 So.2d 770 (Fla. 1992). We do, however, find that the trial court was without jurisdiction to order restitution and thus reverse on that issue alone.
At the sentencing hearing held in July 1992 the state attorney requested the trial court to order the appellant to pay the state's cost of prosecution as restitution. Defense counsel requested a hearing on the matter. The trial court then stated: "I'll reserve for 60 days. Restitution will be determined at that time. And if ordered, will be a condition of your supervision." A notice of appeal was then filed in open court. In September, some sixty-three days later, the restitution hearing was held and the trial court ordered the defendant to pay the state's costs of prosecution pursuant to section 939.01(1), Florida Statutes (1991).
The appellant contends that the trial court's pronouncement was insufficient to reserve jurisdiction to impose costs of prosecution. We disagree. Although the trial *1305 court later characterized the quoted language as "equivocal," at the restitution hearing in September the trial court found, and we agree, that the intention to reserve jurisdiction was satisfactorily stated. This however, does not dispose of the issue. Because the notice of appeal was filed in open court at the termination of the sentencing hearing in July, the trial court at that time lost jurisdiction to enter any further order. See Gatlin v. State, 618 So.2d 765 (Fla.2d DCA 1993); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980).
We, therefore, affirm the conviction but reverse the order imposing costs of prosecution because the trial court lacked jurisdiction to do so. On remand the trial court may reimpose those costs since it had satisfactorily reserved jurisdiction to do so. Gatlin.
THREADGILL and BLUE, JJ., concur.