655 So.2d 1249 (1995)
Sang Van NGUYEN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-694, 94-1754.
District Court of Appeal of Florida, First District.
May 31, 1995.
Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In these two direct criminal appeals, which we consolidate, appellant raises four issues: (1) whether, in circuit court case number 93-873, the trial court erred when it denied his motion for a judgment of acquittal on the charge of principal to burglary of a dwelling; (2) whether the order revoking his probation in circuit court case number 92-2525 must be corrected to reflect that he was found to have violated his probation, rather than that he "pled nolo contendere," and expressly to set forth the conditions of probation found to have been violated, as reflected in the hearing transcript; (3) whether the charges, costs and fees imposed in circuit court case number 92-2525 were improperly assessed on a per count, rather than on a per case, basis, and included costs for which no statutory authority was cited; and (4) whether, in circuit court case number 93-873, after a notice of appeal had been filed, the trial court had jurisdiction to conduct a restitution hearing and to enter an order regarding restitution.
We conclude that there was ample evidence to support the jury's verdict on the charge of principal to burglary of a dwelling in circuit court case number 93-873. Accordingly, we affirm appellant's conviction without further discussion.
We also affirm the order revoking appellant's probation, and again placing him on probation, in circuit court case number 92-2525. However, on remand, we direct the trial court to enter an amended order reflecting that appellant was found to have violated the terms of his probation, rather than that he "pled nolo contendere," and expressly setting forth the condition or conditions found to have been violated, as reflected by the transcript of the hearing. We reverse the orders in that case imposing charges, costs and fees on a per count basis. On remand, the trial court is directed to impose the charges, costs and fees on a per case basis. Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994). Also on remand, the trial court shall cite the statutory authority relied on as support for any award of charges, costs or fees.
Finally, while the trial court properly reserved jurisdiction to consider restitution in circuit court case number 93-873, the hearing was held, and the order entered, after a notice of appeal had been filed. Because the notice of appeal had been filed before the restitution hearing was held, the hearing and order entered thereafter are without effect. Skaggs v. State, 620 So.2d 1304 *1250 (Fla. 2d DCA 1993). However, on remand, the trial court may conduct another hearing, and again impose restitution, should it elect to do so.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ. concur.