PATTERSON, Judge.
We affirm Cedric Brown’s conviction for possession of cocaine, but strike a portion of a probation condition and prosecution costs.
With respect to probation conditions, conditions 4 (weapons), 7 (intoxicants), and 8 (employment) need not be orally pronounced because the order of probation form in Florida Rule of Criminal Procedure 3.986 *396 provides notice of these conditions. See State v. Hart, 668 So.2d 589 (Fla.1996). Condition (A) of Brown’s probation, which was not orally pronounced, requires him to pay for alcohol/drug testing. While submitting to alcohol and drug screening is a standard condition of probation under section 948.03(1)©, Florida Statutes (1993), the portion of the condition which requires the probationer to pay for the screening is a special condition. See Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996). Thus, we strike that portion of condition (A) requiring Brown to pay for alcohol and drug screening.
With respect to costs, the trial court erred in imposing $130 in costs of prosecution under section 939.01, Florida Statutes (1993). We strike the prosecution costs because the state did not document the amount of its costs and the trial court did not consider the state’s expenses or Brown’s ability to pay. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). The state may seek to reimpose the prosecution costs on remand. Id.
Affirmed in part, conditions and costs modified, and remanded.
THREADGILL, C.J., and PARKER J., concur.