686 So.2d 721 (1997)
Nadine PEARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02671.
District Court of Appeal of Florida, Second District.
January 3, 1997.
James Marion Moorman, Public Defender, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Nadine Pearson appeals her sentence for two counts of driving under the influence with serious bodily injury, one count of driving under the influence with property damage, and one count of driving while license suspended and causing serious bodily injury. We find merit only in her argument that restitution was improperly ordered and her argument that two costs were improperly assessed.
During sentencing, the trial court entered an order requiring restitution, and it reserved jurisdiction as to the amount of restitution. Thereafter, Pearson filed her notice of appeal. After the notice of appeal was filed, the trial court conducted a restitution hearing and entered an order setting the amount of restitution. This was error.
A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount. Skaggs v. State, 620 So.2d 1304 (Fla. 2d DCA 1993); Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995). Consequently, we reverse the order setting the amount of restitution. *722 On remand, the trial court may conduct another hearing and again impose restitution. See Skaggs; Nguyen.
Further, two costs were improperly imposed. A cost of $2 was assessed pursuant to section 943.25(13), Florida Statutes (1993). This cost is discretionary, and since the trial court failed to give Pearson notice of the statutory basis for this cost, this cost must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). In addition, the trial court imposed $100 in costs of prosecution for the Florida Highway Patrol without considering Pearson's ability to pay as required by section 939.01, Florida Statutes (1993). See Brown v. State, 677 So.2d 395 (Fla. 2d DCA 1996). Consequently, we also strike this cost. On remand, the state may seek to reimpose these two costs.
Affirmed in part, reversed in part and remanded.
FRANK, A.C.J., and PARKER, J., concur.