691 So.2d 544 (1997)
Ladawn GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00750.
District Court of Appeal of Florida, Second District.
April 9, 1997.
Julianne M. Holt, Public Defender, and Theda James, Assistant Public Defender, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Ladawn Gibson, challenges the judgment and sentence imposed upon her after she was found guilty of violating her community control. We find no merit in the appellant's contention that the trial court erred by revoking her community control, but because of a guidelines scoresheet error, we must remand for resentencing. The appellant originally pled guilty to the crime of aggravated child abuse in violation of section 827.03(1)(b), Florida Statutes (1993). The trial court sentenced the appellant to serve one year of community control to be followed by four years of probation. The sentence was a downward departure based upon the appellant's plea. The guidelines scoresheet classified the offense as a level eight offense.
Based upon the evidence presented at an evidentiary hearing held pursuant to an affidavit charging the appellant with violations of the terms and conditions of her community control, the court revoked the appellant's community control and sentenced her to 70.4 months in the state prison. The appellant filed a timely notice of appeal.
*545 As mentioned above, we find no merit in any of the appellant's contentions concerning the violation of her community control and affirm the order revoking her community control without further discussion. We do find, however, that there was a sentencing error based upon the improper application of section 921.0012, Florida Statutes (1993).
Florida Rule of Criminal Procedure 3.702(c) provides that felony offenses not listed in section 921.0012 are assigned a severity level as described in section 921.0013. Appellant was charged with aggravated battery on a child in violation of section 827.03(1)(b) and not pursuant to section 827.03(1)(a). Aggravated battery on a child as defined in section 827.03(1)(a) is the only form of aggravated child abuse specifically listed in the 1993 version of section 921.0012. The legislature amended section 921.0012 in 1995 but that version of the statute does not apply in this case.
Because a violation of section 827.03(1)(b) was not specifically listed in section 921.0012 the severity level for this crime should have been assigned pursuant to section 921.0013. This offense should have been assigned a severity ranking of level four pursuant to section 921.0013(2). Newberry v. State, 677 So.2d 884 (Fla. 5th DCA 1996); Jenkins v. State, 661 So.2d 411 (Fla. 4th DCA 1995). The effect of this error resulted in assessing seventy-four points instead of twenty-two points on appellant's scoresheet.
We, accordingly, affirm the order revoking the appellant's community control, vacate the sentence, and remand for resentencing with a corrected guidelines scoresheet.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK and BLUE, JJ., concur.