700 So.2d 767 (1997)
Barbara Lynn KAHN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03039.
District Court of Appeal of Florida, Second District.
October 15, 1997.
*768 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Barbara Kahn challenges her conviction and sentence for vehicular homicide. We affirm the conviction because Kahn has failed to demonstrate reversible error in the trial proceedings. We remand for resentencing, however, because the trial court improperly applied section 921.0012, Florida Statutes (1993), to this offense.
Kahn was convicted of vehicular homicide, a second-degree felony, pursuant to section 782.071(2), Florida Statutes (1993). The second-degree vehicular homicide offense is not specifically enumerated in section 921.0012 under any of the offense levels. Section 921.0013, Florida Statutes (1993), which was in effect at the time Kahn committed the crime, indicates that a second-degree felony, not specifically listed in section 921.0012, is to be given a level four severity ranking. The trial court, however, ranked Kahn's offense at level seven.
While the State agrees that second-degree vehicular homicide, provided for in section 782.071(2), is not specifically listed in section 921.0012, it nonetheless argues that it is nonsensical to score third-degree vehicular homicide, provided for in section 782.071(1) and specifically listed under section 921.0012 at severity level seven, more severely than the second-degree felony. While there is a certain logic to the State's argument, we have previously held that section 921.0013 must be applied under circumstances identical to the present one. See Gibson v. State, 691 So.2d 544 (Fla. 2d DCA 1997).
We reverse the sentence imposed and remand for resentencing with the second-degree felony of vehicular homicide ranked at severity level four. At resentencing the trial court should only impose investigative costs after proper documentation. Additionally, that portion of probation condition seven which reads "or possess any drugs or narcotics unless prescribed by a physician" must be omitted as being impermissibly vague. See Garrison v. State, 685 So.2d 53 (Fla. 2d DCA 1996).
SCHOONOVER, A.C.J., and LAZZARA, J., concur.