711 So.2d 604 (1998)
Caleb COLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03342.
District Court of Appeal of Florida, Second District.
May 13, 1998.
*605 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Caleb Colson, challenges the trial court's judgment and sentence adjudicating him guilty of criminal mischief and sentencing him to forty six months probation. Appellant raises several errors regarding his sentence. We affirm appellant's conviction but reverse his sentence and remand for resentencing.
Appellant was charged with one count of criminal mischief, one count of shooting at, within, or into a building, and two counts of attempted murder of a law enforcement officer. Appellant was found guilty by a jury of only one count of criminal mischief, pursuant to section 806.13(1)(b)3., Florida Statutes (1993). The trial court adjudicated appellant guilty of criminal mischief and sentenced him to forty-six months probation and reserved jurisdiction on the issue of restitution. Appellant then filed a timely notice of appeal. After a restitution hearing approximately two months later, the trial court entered an order of restitution and judgment in the amount of $216,631.72 as a lien.
Appellant first challenges the order of restitution as being improperly entered after a timely notice of appeal was filed in his case. We agree that the trial court did not have jurisdiction to enter the order. A trial court does not have jurisdiction to enter an order of restitution after a notice of appeal has been filed even though the trial court previously reserved jurisdiction for the restitution. See Pearson v. State, 686 So.2d 721 (Fla. 2d DCA 1997). Since appellant filed his notice of appeal with the trial court on July 31, 1996, and the restitution order was not entered until October 21, 1996, the trial court lacked jurisdiction to enter the order. We, therefore, reverse the restitution order and judgment and remand. On remand, the trial court may conduct another hearing and again impose restitution. See Pearson, 686 So.2d at 722; Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995).
Next, appellant contends that his conviction for criminal mischief was improperly scored as a level two offense. According to the information and guideline scoresheet, appellant was charged with and found guilty of criminal mischief pursuant to section 806.13(1)(b)3., Florida Statutes (1993). However, section 806.13(1)(b)3. is not listed in section 921.0012, Florida Statutes (Supp. 1994), which ranks the severity levels of crimes. See § 921.0012, Fla. Stat. (Supp. 1994). Instead, section 921.0012 erroneously lists section 806.13(1)(a)3., as a level two severity ranking even though subsection (a)3. does not exist. See § 921.0012, Fla. Stat. (Supp.1994). Section 921.0012, Florida Statutes (1995), was later amended to correct this typographical error.
Since the crime with which appellant was charged, section 806.13(1)(b)3., is not specifically *606 listed in 921.0012, the severity level for this crime should have been assigned pursuant to section 921.0013, Florida Statutes (1993). See § 921.0013, Fla. Stat. (1993). Section 921.0013(1) states that a felony of the third degree must be ranked as a level one offense. See § 921.0013(1), Fla. Stat. (1993). See also Kahn v. State, 700 So.2d 767 (Fla. 2d DCA 1997); Gibson v. State, 691 So.2d 544 (Fla. 2d DCA 1997).
Appellant's scoresheet must be corrected to reflect a level one offense ranking instead of a level two. We, therefore, reverse the sentence imposed and remand to resentence appellant pursuant to a corrected guidelines scoresheet.
Finally, appellant's order of probation indicates appellant pleaded guilty to the charge of criminal mischief when in fact appellant was found guilty by a jury. We reverse and remand to correct the written order of probation to reflect that appellant was found guilty by a jury verdict. See Wright v. State, 600 So.2d 548 (Fla. 2d DCA 1992).
Accordingly, we reverse and remand for resentencing.
ALTENBERND, A.C.J., and BLUE and GREEN, JJ., concur.