CASANUEVA, Judge.
From convictions for various counts of fraudulent use of a credit card, grand theft, and dealing in stolen property in Circuit Court Case Numbers 99-180, 99-229, 99-230, and 99-238, Mr. Albury appeals the award of restitution. He contends first that the trial court was without jurisdiction to impose restitution and, second, assuming it had jurisdiction, the amount of restitution imposed in the written order exceeded the amount orally ordered. We affirm in part and reverse in part.
On June 2, 1999, Mr. Albury appeared with counsel before the' trial court for a pretrial conference. The transcript of this hearing shows that earlier in the hearing Mr. Albury had desired a trial when the trial court was not receptive to the idea of his receiving probation so he could pay restitution. A short time later, after talking with his client, defense counsel advised the trial court that Mr. Albury had changed his mind and now wished to plead to all pending charges. Prior to actually entering the plea, a discussion ensued regarding Mr. Albury’s claim for credit for time served. To facilitate the disposition of this jail credit claim, the prosecutor suggested and agreed to reducing the sentence of one count to thirty-two months’ concurrent imprisonment, a downward departure, rather than imposing thirty-seven months, which is what the sentences on the remaining counts were going to be, sentences at the bottom of the guidelines. The prosecutor further stated that no other charges would be filed against Mr. Al-bury stemming from the factual bases of the multiple burglaries involved.
The record contains no declaration of a formal plea agreement. This is substantiated by Mr. Albury’s representation to the trial court that no promises had been made to him to induce his plea. We interpret this record to mean that the discussions about jail credit and no further charges being filed in this rather free-flowing hearing were not inducements to the plea. There is no other way to interpret these discussions because they occurred after Mr. Albury stated unequivocally that he wanted to plead to all pending charges.
After the trial court concluded the plea colloquy and imposed the sentence, the prosecutor asked: “Judge, can we have forty-five days for a restitution hearing?” Neither Mr. Albury nor defense counsel objected to this request and the trial court set a hearing for forty-five days hence. The restitution hearing actually took place more than sixty days later at which time defense counsel objected, claiming that the trial court had no jurisdiction to impose restitution, not having reserved it at the time of sentencing. The trial court disagreed with defense counsel’s interpretation of events at the sentencing hearing and so do we.
Section 775.089 (l)(a), Florida Statutes (1997), requires a trial court to impose restitution upon a defendant at his sentencing or within a specified period thereafter. A legal sentence may be reduced or modified within sixty days after that sentence is imposed. See Fla. R.Crim. P. 3.800(c). If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period. See State v. Sanderson, 625 So.2d 471, 472, 473 (Fla.1993). We read this record to mean that the trial court both timely reserved jurisdiction to order restitution and placed Mr. Albury on notice that restitution would be imposed. Although the trial court’s language could have been more specific and precise, no magic words are required. *425 See L.O. v. State, 718 So.2d 155, 157 (Fla. 1998).
Next, Mr. Albury contends, and the State concedes, that the trial court erred by entering a restitution judgment in the amount of $550 in case number 99-230. At the restitution hearing, the trial court had announced that restitution of only $500 would be ordered in that case. The written judgment for the greater amount must be reduced to comport with the trial court’s oral pronouncement. Also, the transcript reflects that the trial court orally pronounced that restitution be joint and several with other defendants. The written restitution orders must also be corrected to reflect this aspect of the court’s orders.
Affirmed in part; reversed in part and remanded with instructions.
PARKER, A.C.J., and DAVIS, J., Concur.