PATTERSON, Chief Judge.
The appellant, K.D., challenges the order adjudicating him to be a delinquent child and committing him to the Department of Juvenile Justice. We affirm his adjudication of guilt without discussion, but reverse the restitution order and the single disposition order and remand for further proceedings.
The State charged K.D. with one count of armed burglary and five counts of burglary. The juvenile court adjudicated K.D. delinquent on all six counts and ordered that he be committed to the Department of Juvenile Justice. On July 13, 1999, K.D. filed a notice of appeal. Although divested of jurisdiction, the juvenile court entered an order of restitution on August 6, 1999, which was rendered on November 23, 1999. This was error. A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed. See Edwards v. State, 734 So.2d 1130 (Fla. 2d DCA 1999); Colson v. State, 711 So.2d 604 (Fla. 2d DCA 1998). Therefore, we strike the order of restitution. However, because the trial court reserved jurisdiction to hold a restitution hearing, restitution may be reimposed on remand. See Marinetti v. State, 706 So.2d 1374 (Fla. 2d DCA 1998).
We also note that the court erred by failing to enter separate orders of disposition as to KD.’s six separate offenses. See E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996). Thus, we reverse the single general order of disposition and remand for the entry of separate disposition orders. K.D. need not be present for this purely ministerial act.
*469 Affirmed in part, reversed in part, and remanded.
STRINGER, J., Concurs.
ALTENBERND, J., Concurs specially.