PER CURIAM.
We affirm the trial court’s ruling denying Mr. Haines’s motion for postconvietion relief. We comment only to clarify that the amended order, which was filed after Mr. Haines filed his notice of appeal, was entered without jurisdiction and was therefore a nullity.
Mr. Haines sought to withdraw his 1998 plea, claiming that it was involuntarily entered. The trial court’s first order is supported by competent, substantial evidence. However, while Mr. Haines’s appeal was pending, the trial court entered an amended order elaborating on the reasons Mr. Haines’s motion was denied. The trial court lacked jurisdiction to enter the amended order, and it was therefore a nullity. See, e.g., Allston v. State, 685 So.2d 1312 (Fla. 2d DCA 1996) (filing of notice of appeal divests trial court of jurisdiction); Albertson’s Inc. v. Ferrell, 647 So.2d 242 (Fla. 1st DCA 1994) (holding that amended order which made more than clerical corrections was a nullity when it was entered after notice of appeal). Therefore, in affirming the order denying relief, we have not considered the additional findings set forth in the amended order.
We affirm.
BLUE, C.J., and GREEN and DAVIS, JJ., Concur.