903 So.2d 361 (2005)
Oliver SELWYN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-884.
District Court of Appeal of Florida, Second District.
June 15, 2005.
*362 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
On appeal from his judgment and sentence for unarmed robbery, Oliver Selwyn raises four sentencing errors. He is entitled to relief as to three.

I.
The information alleged that Selwyn committed robbery while carrying a firearm, which is a first-degree felony. See § 812.13(2)(a), Fla. Stat. (2002). Finding that the State failed to present prima facie evidence that Selwyn was armed, the trial court granted a judgment of acquittal of armed robbery. The case proceeded to a bench trial on the charge of unarmed robbery, which is a second-degree felony. See § 812.13(2)(c). The trial court orally pronounced a verdict of guilty of unarmed robbery, but the written judgment and sentence reflected an adjudication of guilt of first-degree robbery under section 812.13(2)(a).
Selwyn raised the discrepancy in a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and requested that the trial court correct the scrivener's error. The trial court entered an amended judgment and sentence, but the adjudication of guilt remained unchanged.
A trial court's oral pronouncement controls over the written judgment. Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003). As the State forthrightly concedes, the scrivener's error in the judgment and sentence must be corrected to reflect an adjudication of guilt of second-degree robbery.

II.
At Selwyn's sentencing hearing on February 12, 2004, the trial court imposed a fine of $5000 to be reduced by $411 in court costs. The trial court did not impose restitution, nor did any discussion of restitution occur at the hearing. The judgment and sentence reflected a fine of $4589, which Selwyn challenged in his rule 3.800(b)(2) motion. On September 8, 2004, the trial court entered an order directing that the fine "should be corrected to reflect $45.89 in restitution." An amended judgment and sentence entered October 5, 2004, reflected the imposition of $45.89 in restitution.
A trial court is required to enter an order imposing restitution within sixty days of sentencing, even if it determines the amount of restitution at a later date. State v. Sanderson, 625 So.2d 471 (Fla. 1993). The State properly concedes that because the order of restitution was untimely, the restitution must be struck. We agree. See State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996) (holding that sixty days after sentencing the court loses jurisdiction *363 to enter an order imposing restitution).

III.
In his rule 3.800(b)(2) motion, Selwyn contended that the trial court imposed a $150 court cost for court facilities pursuant to section 939.18, Florida Statutes (2002), without inquiring whether Selwyn had the ability to pay or whether payment of the cost would prevent him from making restitution or paying child support. Section 939.18(1)(b) requires both inquiries. The State again concedes the error, and we agree that the cost must be struck. See Caton v. State, 862 So.2d 901 (Fla. 2d DCA 2003). On remand, the trial court may impose the cost after compliance with section 939.18(1)(b). See id.

IV.
In his rule 3.800(b)(2) motion, Selwyn challenged the imposition of $800 in public defender fees, contending that "[t]he trial court failed to follow the procedural safeguards required for imposing discretionary costs for public defender fees." Selwyn did not elaborate on this claim of error. In the amended judgment and sentence, the trial court imposed the fee as a lien.
The procedures and procedural safeguards associated with imposing and enforcing a lien for public defender fees are provided by statute, by the rules of criminal procedure, and by case law. E.g., § 938.29, Fla. Stat. (2002) (detailing the services subject to the fee and providing the procedure for imposing a lien); Fla. R.Crim. P. 3.720(d)(1) (requiring that the defendant receive notice of his right to object to the amount of the fee within thirty days; referring to section 938.29 by its old statutory number, section 27.56, see ch. 97-271, § 22, Laws of Fla.); Bull v. State, 548 So.2d 1103 (Fla.1989) (requiring an inquiry into the defendant's ability to pay upon enforcement of the fee). Given the variety of procedures potentially at issue, Selwyn's motion did not fairly apprise the trial court of the grounds for his claim that procedural safeguards were not followed. See § 924.051(1)(b), Fla. Stat. (2004). Therefore, we affirm the lien for public defender fees.

V.
We remand to the trial court for further proceedings consistent with this opinion. Correcting the scrivener's error, striking the restitution, and striking the court cost for court facilities are ministerial functions of the trial court for which Selwyn need not be present.
ALTENBERND, C.J., and SILBERMAN, J., Concur.