910 So.2d 286 (2005)
James PIZZO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4919.
District Court of Appeal of Florida, Second District.
July 22, 2005.
Rehearing Denied September 21, 2005.
Bruce S. Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
James Pizzo, Jr., a/k/a James Pizzo, Sr., seeks review of his judgment and sentence for organized fraud and conspiracy to commit racketeering, which arose out of his employment with East Coast Exteriors, Inc., a family-owned home improvement business operated by his son, James Frank "Jimmy" Pizzo. We affirm Mr. Pizzo's conviction for organized fraud. Due to the fact that the jury instructions were fundamentally erroneous, we reverse Mr. Pizzo's conviction for conspiracy to commit racketeering and remand for a new trial.
The facts of this case are set forth fully in Jimmy Pizzo's appeal, Pizzo v. State, No. 2D03-4913, ___ So.2d ___, 2005 WL 1704833 (Fla. 2d DCA July 22, 2005) ("Pizzo I"). In this appeal, Mr. Pizzo raises seven issues on appeal, several of which are identical to those raised by Jimmy in Pizzo I. As we did in Pizzo I, we affirm without comment the issues regarding (1) the admission of bad acts evidence, (2) the admission of certain testimony of Special Agent Charles Leonard, and (3) the oral delivery of the jury instructions on organized fraud. We also affirm without comment the additional issues Mr. Pizzo raises regarding (4) the denial of Mr. Pizzo's motion for judgment of acquittal on organized fraud and (5) the denial of Mr. Pizzo's motion for judgment of acquittal on conspiracy to commit racketeering.
We reverse Mr. Pizzo's conviction for conspiracy to commit racketeering because, as we held in Pizzo I, the trial court committed fundamental error in instructing the jury on the crime of conspiracy to commit racketeering. See Cabrera v. State, 890 So.2d 506, 507 (Fla. 2d DCA 2005); see also Rios v. State, 905 So.2d 931, 932 (Fla. 2d 2005).
Our reversal renders Mr. Pizzo's remaining issue regarding his sentence moot. However, as we did in Pizzo I, we note that the court erred in imposing restitution, costs of prosecution, and costs of investigation after Mr. Pizzo filed a timely notice of appeal. See K.D. v. State, 779 So.2d 468, 468 (Fla. 2d DCA 2000); Skaggs v. State, 620 So.2d 1304, 1305 (Fla. 2d DCA 1993).
In conclusion, we affirm Mr. Pizzo's conviction for organized fraud and reverse Mr. Pizzo's conviction for conspiracy to commit racketeering. We remand for further *287 proceedings consistent with this opinion.
Affirmed in part; reversed in part; and remanded.
ALTENBERND and SALCINES, JJ., Concur.