DAVIS, Judge.
John Robert Miller challenges the trial court’s order imposing $14,000 in restitution against him in conjunction with his *627 convictions for armed burglary, shooting into a building, and discharging a firearm in public. We reverse.
Miller was originally convicted of armed burglary, shooting into a building, and discharging a firearm in public on March 3, 2000. Miller appealed those convictions in Miller v. State, 805 So.2d 885, 886 (Fla. 2d DCA 2001), in which this court set forth the following facts:
An admitted heroin user, Miller went to the Parental Awareness and Responsibility (PAR) clinic seeking treatment for his addiction and enrolled in a methadone program. After a number of months, Miller decided he wanted to be free from all drugs, including methadone. He attempted to get off the methadone through the PAR clinic but was unsuccessful. He then turned to Neu-raad, a clinic that offered a different type of treatment called opiate detoxification. Under this program, intense doses of numerous toxic drugs are introduced into the patient’s system, following which the patient is sedated with anesthesia. The patient then sleeps during the period that his or her body undergoes the physical manifestations of withdrawal, thus greatly reducing the patient’s conscious awareness of the most acute symptoms of withdrawal.
Miller checked into the Neuraad clinic on a Tuesday morning. The staff administered the medications and the anesthesia. Some twenty-seven hours later he was released, still under the influence of significant amounts of medication and with prescriptions for additional medication. Within three hours of his release, Miller went to the PAR clinic. When he arrived, the clinic was closed for the day. Upset that he could not get in, Miller shot the lock off the gate. He walked around the building, shooting into it several times. -He then broke a window and climbed inside. He ultimately surrendered to ■ the police when they entered.
As part of Miller’s sentence on those original convictions, the trial court imposed restitution in the amounts of $11,426.64 for medical and mental health expenses incurred by one of the clinic’s employees and $1659 for property damage — for a total of $13,085.64. This award was not imposed as a condition of probation;
On appeal, this court affirmed Miller’s discharging a firearm in public conviction, reversed his armed burglary and shooting into a building convictions, and remanded for new trial on the latter two charges. See Miller, 805 So.2d 885. We note that Miller did not raise any issues regarding restitution in that appeal. Id. On remand, Miller entered no contest pleas to those charges in exchange for concurrent six-year probationary terms. The judgment and sentence and order of probation entered in relation to those pleas are silent as to restitution, leaving blank the lines reserved for such amounts. Additionally, there is nothing in either order to suggest that the trial court reserved jurisdiction to later address the restitution issue.
However, more than two years later, in 2004, Miller filed a motion to clarify, noting that no restitution had been ordered and seeking a confirmation that none was owed. On September 10, 2004, the trial court entered an order of restitution, reimposing the original restitution amount of $13,085.84. On September 24, 2004, the trial court entered a similar order, imposing the same amount of restitution but advising that Miller had thirty days to file written notice of objection to the amount of restitution. Miller then moved for a case status review, challenging the restitution award. On April 18, 2005, after holding a hearing, the trial court entered a new restitution order in the amount of $14,000.
*628 We first note that the trial court was without jurisdiction to enter the September 10, 2004, September 24, 2004, and April 18, 2005, restitution orders because more than sixty days had passed since Miller was sentenced after remand on the armed burglary and shooting into a building charges. See Selwyn v. State, 903 So.2d 361, 362 (Fla. 2d DCA 2005) (“A trial court is required to enter an order imposing restitution within sixty days of sentencing State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996) (noting that the sixty-day requirement is jurisdictional). As such, those restitution orders are all nullities.
However, the original March 3, 2000, $13,085.84 restitution order is still in effect by virtue of Miller’s conviction for discharging a firearm in public that this court affirmed on appeal. See Miller, 805 So.2d 885.
Miller originally had been charged with aggravated assault, but the jury convicted him of the lesser included offense of discharging a firearm in public. The aggravated assault charge was based on Miller’s threatening to do violence to the victim— one of the clinic’s employees — once he was inside the building. As such, we conclude that the $11,426.64 restitution award for the victim’s medical and mental health expenses stemmed from Miller’s actions connected, at least in part, to the aggravated assault charge and, consequently, the discharging a firearm conviction. Additionally, although the jury convicted Miller in that count of only the lesser offense, in doing so, it made a finding that Miller did discharge a firearm inside the clinic. Therefore, we can conclude that the restitution award for property damage also related to that charge. Accordingly, the original March 3, 2000, restitution order, which Miller never challenged as part of his direct appeal, remains in effect.
In conclusion, we reverse the trial court’s September 10, 2004, September 24, 2004, and April 18, 2005, restitution orders for lack of jurisdiction but note that the original March 3, 2000, award was never overturned or vacated and thus remains intact.
Reversed.
CANADY and VILLANTI, JJ., Concur.