968 So.2d 628 (2007)
Richard L. L'HEUREUX, Doc # 659221, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4451.
District Court of Appeal of Florida, Second District.
October 26, 2007.
*629 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Richard L. L'Heureux appeals his convictions and sentences for burglary of an unoccupied dwelling, possession of burglary tools, resisting an officer without violence, fleeing an officer, driving with a suspended license, and reckless driving. Mr. L'Heureux challenges only the restitution orders entered against him. We reverse the two restitution orders entered on November 8, 2006, and otherwise affirm his convictions and sentences.
Under Florida Rule of Criminal Procedure 3.800(c), a court may modify a sentence "within 60 days after [its] imposition." This rule has been interpreted to mean that a restitution order must be imposed at sentencing or within sixty days thereafter. See State v. Sanderson, 625 So.2d 471, 473 (Fla.1993). This is so because "the failure to impose restitution *630 renders [a] sentence incomplete and subject to modification" within the sixty-day period of rule 3.800(c). Brock v. State, 604 So.2d 32, 33 (Fla. 2d DCA 1992). Indeed, a trial court may properly order restitution within sixty days after failing to order restitution at sentencing and failing to reserve jurisdiction to do so. See Selwyn v. State, 903 So.2d 361, 362 (Fla. 2d DCA 2005) (striking an order of restitution because it was not entered within sixty days of sentencing when the "trial court did not impose restitution [at sentencing], nor did any discussion of restitution occur at the [sentencing] hearing" and the original written judgment and sentence did not order restitution); Rada v. State, 656 So.2d 165, 165 (Fla. 2d DCA 1995) (reversing an order of restitution because the judgment and sentence reflected that restitution was not ordered at sentencing and the subsequent restitution hearing was not held within sixty days). However, after restitution has been timely ordered, the amount of restitution may be determined beyond the sixty-day window. See Sanderson, 625 So.2d at 473; Selwyn, 903 So.2d at 362. Notably, the date of sentencing which starts the sixty-day clock is the date the sentence was imposed, not the date the sentence was filed. Scott v. State, 629 So.2d 280, 281 (Fla. 5th DCA 1993).
Although a trial court may impose restitution within sixty days of sentencing, a trial court lacks jurisdiction to do so while a direct appeal is pending. See Jenkins v. State, 954 So.2d 738, 738 (Fla. 2d DCA 2007); Colson v. State, 711 So.2d 604, 605 (Fla. 2d DCA 1998); Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997). In other words, a trial court's jurisdiction to impose a restitution order is temporarily suspended once a notice of appeal is filed. See Butler v. State, 951 So.2d 38, 40 (Fla. 2d DCA 2007).
In the present case, the trial court did not order restitution at sentencing on August 31, 2006, and Mr. L'Heureux timely filed his notice of appeal on September 29, 2006. Despite the notice of appeal having been filed, the trial court then held a hearing regarding restitution on November 8, 2006, and ordered restitution the same day, i.e., while Mr. L'Heureux's appeal was pending. No exception existed to allow the trial court to exercise jurisdiction while this appeal was pending, and no relinquishment to do so was sought. Therefore, the trial court clearly lacked jurisdiction to enter restitution orders on November 8, 2006. As a result, the two restitution orders must be reversed. See Jenkins, 954 So.2d at 738; Colson, 711 So.2d at 605; Pearson, 686 So.2d at 721.
However, rule 3.800(c) also allows a court to modify a sentence "within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal." "Thus, the rules of criminal procedure clearly permit the sentencing judge to modify the defendant's sentence after affirmance on appeal." State v. Johns, 576 So.2d 1332, 1335 (Fla. 5th DCA 1991); see also State v. Stevens, 616 So.2d 995, 996 (Fla. 2d DCA 1992). Therefore, although we reverse Mr. L'Heureux's restitution orders and otherwise affirm his convictions and sentences, the trial court may timely reimpose restitution on remand pursuant to the requirements of rule 3.800(c).
Affirmed in part; reversed in part.
SILBERMAN and WALLACE, JJ., concur.