PER CURIAM.
 

 In this criminal appeal, we affirm the conviction. Appellant, however, correctly asserts that the trial court lacked jurisdiction to enter a restitution order after appellant filed a notice of appeal as to the judgment and sentence.
 
 See Horan v. State,
 
 990 So.2d 1264, 1265 (Fla. 1st DCA 2008);
 
 Williams v. State,
 
 952 So.2d 616 (Fla. 1st DCA 2007);
 
 Brantley v. State,
 
 723 So.2d 909 (Fla. 1st DCA 1999) (noting the State conceded that filing the notice of appeal divested the trial court of jurisdiction to set the amount of restitution);
 
 Nguyen v. State,
 
 655 So.2d 1249 (Fla. 1st DCA 1995). Pursuant to
 
 Brantley, Williams, Horan,
 
 and
 
 Nguyen,
 
 upon the return of jurisdiction to the trial court, that court may conduct another restitution hearing and rule in accordance with the evidence presented.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 KAHN, BENTON, and VAN NORTWICK, JJ., concur.