SILBERMAN, Judge.
 

 Scott Leroy Williams appeals his judgments and sentences for assault on a law enforcement officer, fleeing or eluding, and possession of cocaine. We affirm his judgments and sentences without discussion but reverse the restitution orders and remand for a new restitution hearing.
 

 In imposing Williams’ sentence, the trial court ordered restitution in an amount to be determined at a later hearing. Williams then filed his notice of appeal. While this appeal was pending, the trial court conducted the restitution hearing, imposed restitution, and rendered restitution orders.
 

 Williams contends, and the State concedes, that the trial court did not have jurisdiction to hold a restitution hearing or enter a restitution order after Williams filed his notice of appeal.
 
 See L’Heureux v. State,
 
 968 So.2d 628, 630 (Fla. 2d DCA 2007);
 
 Colson v. State,
 
 711 So.2d 604, 605 (Fla. 2d DCA 1998);
 
 Pearson v. State,
 
 686 So.2d 721, 721 (Fla. 2d DCA 1997). “A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount.”
 
 Pearson,
 
 686 So.2d at 721. We note that no request was made to relinquish this court’s jurisdiction.
 
 See L’Heu
 
 
 *434
 

 reux,
 
 968 So.2d at 630. Therefore, we reverse the orders that set the amount of restitution and remand to allow the trial court to again conduct a hearing and impose restitution.
 
 See Colson,
 
 711 So.2d at 605;
 
 Pearson,
 
 686 So.2d at 721-722.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and NORTHCUTT, JJ., Concur.