DAVIS, Judge.
 

 Christopher Riley Renfroe appeals from the judgments and sentences entered in circuit court case numbers 07-CF-001402, 07-CF-001615, and 07-CF-001345. We affirm the judgments and sentences without comment but reverse the restitution order entered July 23, 2008, in circuit court case number 07-CF-001345 and remand for a new restitution hearing.
 

 Mr. Renfroe entered an open plea of guilty to charges of felon in possession of a firearm in 07-CF-001402, burglary of a conveyance and grand theft in 07-CF-001615, and burglary of a dwelling, grand theft, and grand theft of a firearm in 07-CF-001345. He was sentenced on May 12, 2008. Mr. Renfroe then filed a pro se notice of appeal from the judgments and sentences. After this notice of appeal was filed, the circuit court held a restitution hearing and entered an order imposing restitution in 07-CF-001345.
 

 The State correctly concedes that the trial court was without jurisdiction to enter this order because Mr. Renfroe already had filed his notice of appeal from the judgments and sentences. “A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount.”
 
 Pearson v. State,
 
 686 So.2d 721, 721 (Fla. 2d DCA 1997);
 
 see also Williams v. State,
 
 19 So.3d 433 (Fla. 2d DCA 2009);
 
 Jenkins v. State,
 
 954 So.2d 738 (Fla. 2d DCA 2007). Accordingly, we reverse the order imposing restitution and remand for the trial court to have the opportunity to conduct another hearing and reimpose restitution.
 
 See Pearson,
 
 686 So.2d at 721-22. We note that because of the reversal for lack of jurisdiction, any additional restitution-related issues raised as part of this appeal are moot.
 

 Reversed and remanded.
 

 WHATLEY and KELLY, JJ., Concur.