SAWAYA, J.
The appellant, a child, appeals the restitution order rendered by the trial court. Prior to rendition of that order, the appellant filed a notice of appeal seeking review of his adjudication of delinquency. Thereafter, and prior to issuance of the mandate in that appeal, the trial court entered the order that is the subject of the instant appeal. Both the appellee and the appellant agree that the trial court did not have jurisdiction to enter the restitution order, and they further agree that the order must be reversed and the case remanded to allow the trial court to conduct another hearing to determine restitution.
Based on the concession of the parties and our review of the record, we reverse the restitution order and remand this case to the trial court for another restitution hearing. See Renfroe v. State, 20 So.3d 1027, 1027 (Fla. 2d DCA 2009) (“The State correctly concedes that the trial court was without jurisdiction to enter this order because Mr. Renfroe already had filed his notice of appeal from the judgments and sentences. ‘A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount.’” (quoting Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997))); Jenkins v. State, 954 So.2d 738, 738 (Fla. 2d DCA 2007) (“A party’s filing of a notice of appeal divests the trial court of jurisdiction to enter a restitution order.”).
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.