60 So.3d 478 (2011)
C.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-5360.
District Court of Appeal of Florida, First District.
April 15, 2011.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
C.R., a juvenile, appeals a final order adjudicating her delinquent and committing *479 her to a high-risk facility. C.R. argues, and the state concedes, that in departing from the recommendation of the Department of Juvenile Justice ("DJJ") to commit her to a moderate-risk facility, the trial court failed to comply with the requirements enunciated in E.A.R. v. State, 4 So.3d 614 (Fla.2009). We reverse the placement and remand for further proceedings.
In E.A.R., the Florida Supreme Court announced a new, more rigorous analysis that a trial court must conduct before departing from the DJJ's recommendation:
The only rational or logical means through which the juvenile court may provide "reasons" that explain, support, and justify why one restrictiveness level is more appropriate than anotherand thereby rationalize a departure disposition is for the court to:
(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential "lengths of stay" associated with each level, and the divergent treatment programs and services available to the juvenile at these levels; and
(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenilein the least restrictive settingand maintaining the ability of the State to protect the public from further acts of delinquency.
Id. at 638. The trial court failed to comply with the requirements of E.A.R. The trial court's brief explanation of its departure from the DJJ's recommendation during the September 15, 2010 hearing did not meet the legal standard enunciated in E.A.R.
"Simply regurgitating information provided by, and contained within, the DJJ's comprehensive assessment and PDR [predisposition report] does not establish acceptable statutory reasons as to why the court is `disregarding' these documents and the DJJ's recommended disposition.. . . [I]nstead, the juvenile court's stated `reasons,' must provide a legally sufficient foundation for `disregarding' the DJJ's professional assessment and PDR by identifying significant information that the DJJ has overlooked, failed to sufficiently consider, or misconstrued with regard to the child's programmatic, rehabilitative needs along with the risks that the unrehabilitated child poses to the public." Id. See N.B. v. State, 911 So.2d 833, 835 n. 4 (Fla. 1st DCA 2005) (citing K.N.M. v. State, 793 So.2d 1195, 1198 (Fla. 5th DCA 2001) ("[L]ack of remorse, even when established by a preponderance of the evidence, is not a permissible reason to deviate from the [DJJ's] recommendation.")). The Final Disposition Orders, entered on September 15, 2010, do not address the departure from the DJJ's recommendation.
The trial court was without jurisdiction, after the notice of appeal had been filed, to enter the Disposition Order dated October 18, 2010. Cf. D.C.H. v. State, 42 So.3d 340 (Fla. 5th DCA 2010) (holding the trial court did not have jurisdiction to enter a restitution order after filing of notice of appeal); Haines v. State, 805 So.2d 972, 973 (Fla. 2d DCA 2001) (holding the trial court lacked jurisdiction to enter an amended order elaborating on reasons for denial of motion for postconviction relief, after filing of notice of appeal, and the amended order was therefore a nullity); State v. Mitchell, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998) (holding an amended *480 order dismissing criminal charges was a nullity because the trial court no longer had jurisdiction after the state filed its notice of appeal of the initial order dismissing the charges); Landers v. State, 691 So.2d 550, 551 (Fla. 4th DCA 1997) (concluding that because "the notice of appeal was filed before the trial court entered its order declaring Appellant a habitual violent felony offender, the trial court was without jurisdiction to enter such an order").
We reverse and remand to the trial court for further proceedings.
BENTON, C.J., PADOVANO, and WETHERELL, JJ., concur.