KELLY, Judge.
D.A.D. appeals his adjudication of delinquency for trespass in an occupied structure or conveyance challenging only the restitution order entered against him. We reverse the restitution order and remand for a new restitution hearing. Otherwise, we affirm.
At the disposition hearing, the trial court reserved jurisdiction to determine restitution. D.A.D. then filed a notice of appeal. While his appeal was pending, the trial court held the restitution hearing and entered the restitution order that is the subject of this appeal. Both parties agree that the restitution order must be reversed because the trial court did not have jurisdiction to hold a restitution hearing or enter the restitution order after D.A.D. filed his notice of appeal. See Williams v. State, 19 So.3d 433 (Fla. 2d DCA 2009); L’Heureux v. State, 968 So.2d 628 (Fla. 2d DCA 2007). However, D.A.D. contends that because the restitution order was not filed within sixty days of the disposition order as required by Florida Rule of Criminal Procedure 3.800(c), the trial court lacks jurisdiction to reimpose restitution on remand. We disagree.
Under rule 3.800(c), a trial court may modify a sentence within sixty days of imposition. “If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period.” State v. Sanderson, 625 So.2d 471, 473 (Fla.1993). Here, the trial court’s oral pronouncement at the disposition hearing timely reserved jurisdiction to award restitution beyond the sixty-day period m rule 3.800(c). See L.O. v. State, 718 So.2d 155, 158 (Fla.1998) (noting that trial court’s oral pronouncement reserving jurisdiction to award restitution is “sufficient to constitute an initial order of restitution”); Albury v. State, 779 So.2d 423, 424 (Fla. 2d DCA 2000) (holding trial court’s oral pronouncement at sentencing setting date for restitution hearing adequately reserved jurisdiction to enter restitution order more than sixty days after sentencing); Skaggs v. State, 620 So.2d 1304, 1304-05 (Fla. 2d DCA 1993) (stating trial court’s pronouncement reserving the right to determine whether to impose restitution was sufficient to reserve jurisdiction to later award restitution). Therefore, we reverse the restitution order and remand to allow the trial court to conduct another hearing and impose restitution. See Williams, 19 So.3d at 434.
Affirmed in part, reversed in part, and remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.