KHOUZAM, Judge.
V.A.C. timely appeals an order of restitution. Because the trial court lacked jurisdiction to enter the order, we must quash it.
At an adjudicatory hearing in November 2010, V.A.C., then a juvenile, was found guilty of battery on a law enforcement officer and resisting an officer with violence. The juvenile court adjudicated V.A.C. as to the battery count but withheld adjudication on the resisting count. He was placed on juvenile probation for an indeterminate period of time.
At the conclusion of the hearing, the judge stated that “the other thing I need to do with regard to sentencing is order restitution and reserve on the amount.” The disposition order entered the same day reflected the court’s findings, and the box next to “RESTITUTION ORDERED/RESERVED” was checked. Furthermore, the order placing V.A.C. on probation included another checked box indicating the court had elected to “[r]e-serve on restitution, per order of the Court in the amount.” But no separate restitution order was rendered.
The State filed a motion to establish restitution on December 1, 2010, but did not notice or schedule it for a hearing. On December 10, V.A.C. filed a notice of appeal. This court subsequently issued a per curiam affirmance in December 2011, and the mandate issued in January 2012. During the pendency of the appeal, in October 2011, V.A.C. turned nineteen years of age.
The appeal having been resolved, the State in March 2012 filed a notice of hearing to address its December 1, 2010, motion to establish restitution. The State also filed a second motion to establish restitution on April 4, 2012. V.A.C. filed a written response opposing the motion on the ground that the juvenile court lacked jurisdiction. A restitution hearing was held in May 2012. Over V.A.C.’s objections, the court ordered restitution in the amount of $2,312.94. V.A.C. timely appealed.
On appeal, V.A.C. argues that the juvenile court lacked jurisdiction to enter the restitution order. He contends that because the juvenile court failed to reserve jurisdiction on the issue of restitution by separate order prior to his nineteenth birthday, it lost jurisdiction over him pursuant to the plain language of the juvenile jurisdiction statute.[1] We agree.
Section 985.0301(5)(a), Florida Statutes (2010), provides in relevant part:
[Wjhen the jurisdiction of any child who is alleged to havé committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
Consequently, a juvenile court’s jurisdiction generally lasts until the court relinquishes it or the child turns nineteen, whichever is first. However, the filing of a *614 notice of appeal also divests the trial court of jurisdiction during the pendency of the appeal. See K.D. v. State, 779 So.2d 468, 468 (Fla. 2d DCA 2000).
Regarding restitution, section 985.0301(5)(i)[2] specifically instructs:
The court may retain jurisdiction over a child and the child’s ■ parent or legal guardian whom the court has ordered to pay restitution until the restitution order is satisfied. To retain jurisdiction, the court shall enter a restitution order, which is separate from any disposition or order of commitment, on or prior to the date that the court’s jurisdiction would cease under this section.
(Emphasis added.) Accordingly, a juvenile court can reserve jurisdiction to enforce restitution orders until they are satisfied. But to do so, the court must enter a distinct restitution order prior to losing jurisdiction. Otherwise, the juvenile court’s authority to order restitution ends when the child reaches nineteen. See J.D. v. State, 849 So.2d 458, 460 (Fla. 4th DCA 2003) (“The court failed to enter a restitution order before J.D’s 19th birthday, and therefore no restitution order can be enforced.”).
Here, the juvenile court erred in ordering restitution after it lost jurisdiction over V.A.C. Even though at the adjudicatory hearing the judge orally stated that he would be ordering restitution, and both the disposition order and the order of probation reflect this, there was no restitution order entered “separate from any disposition or order of commitment, on or prior to the date” V.A.C. turned nineteen. § 985.0301(5)©; see Cesaire v. State, 811 So.2d 816, 818 (Fla. 4th DCA 2002). Therefore the juvenile court erred by ordering restitution after it lost jurisdiction and the restitution order is hereby quashed.
Reversed; order quashed.
KELLY and WALLACE, JJ., Concur.

. V.A.C. argues in the alternative that the trial court lost jurisdiction when it terminated his supervision in April 2011. Although the juvenile court’s docket indicates that the order was issued, it was not included in the appellate record despite this court’s specific request for supplementation. Consequently, we cannot consider the argument.

. Although the language remains identical, this subsection has since been renumbered to (5)(h).