PER CURIAM.
We affirm the judgment and sentence in this case. However, we agree with the appellant’s argument that the restitution order was entered in the absence of jurisdiction. “A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction. only as to the amount.” Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997) (citing Skaggs v. State, 620 So.2d 1304 (Fla. 2d DCA 1993), and Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995)). Therefore, we reverse the restitution order. “On remand, the trial court may conduct another hearing and again impose restitution.” Pearson, 686 So.2d at 722.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ROBERTS, C.J., MAKAR and JAY, JJ., CONCUR.