IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARCUS KAHKONEN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3883

Opinion filed May 16, 2017.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee; Marcus Kahkonen, pro se, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     We affirm the judgment and sentence in this case. However, we agree with the appellant's argument that the restitution order was entered in the absence of

jurisdiction. "A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount." Pearson v. State, 686 So. 2d 721, 721 (Fla. 2d DCA 1997) (*citing* Skaggs v. State, 620 So. 2d 1304 (Fla. 2d DCA 1993), *and* Nguyen v. State, 655 So. 2d 1249 (Fla. 1st DCA 1995)). Therefore, we reverse the restitution order. "On remand, the trial court may conduct another hearing and again impose restitution." Pearson, 686 So. 2d at 722.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

ROBERTS, C.J., MAKAR and JAY, JJ., CONCUR.