FULMER, Judge.
Wayne Davis appeals from his convictions and sentences for aggravated assault and armed robbery, contending that the trial court erred in changing the amount of restitution more than sixty days after the original order of restitution was entered. We agree.
The state argues that, under State v. Sanderson, 625 So.2d 471 (Fla.1993), the *1358 court had jurisdiction to modify the amount of restitution after the sixty-day period had expired because the court had originally ordered restitution within the sixty day period. However, the following language from J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994), applies here:
Here, the trial court determined the amount of restitution, then, over sixty days later, attempted to modify it. Since the trial court had already set a restitution amount, we believe it was without jurisdiction to amend its previous restitution order. For that reason, we find the instant ease falls outside of the exception to the sixty-day rule announced in Sanderson.
Thus, while the court can set the amount of restitution more than sixty days after entry of an order imposing restitution, the court cannot modify an already-ordered amount of restitution beyond the sixty day period. Therefore, the order amending the restitution amount in this case must be vacated.
CAMPBELL, A.C.J., and PARKER, J., concur.