ON MOTION FOR REHEARING

PER CURIAM.
We grant the appellant’s motion for rehearing in part, withdraw our previous opinion dated November 15, 2000, and substitute the following:
Defendant-appellant Minichino contends that he is entitled to be released on account of a scrivener’s error in the probation order. We reject this argument.
As reflected in the plea colloquy, defendant entered into a plea bargain whereby he was sentenced to 2 years incarceration on a possession of cocaine charge (circuit court case # 91-502), followed by 2 $ years probation on the same case. He was sentenced to a consecutive 5 years of probation on an attempted arson charge (circuit court case # 91-30033). Owing to a scrivener’s error, however, the written sentencing orders indicated that the terms of probation would be concurrent, not consecutive.
Defendant contends that the written sentencing orders are controlling. Based on that faulty assumption, defendant argues that his 5-year term of probation in the attempted arson case, as well as the 2 h year term of probation in the cocaine case had expired prior to the date that the affidavit of violation of probation was filed. The defendant contends that the trial court lost jurisdiction and that he is entitled to be released from custody.
The flaw in the argument is the assumption that the erroneous written sentencing order is controlling. It is well settled that the oral pronouncement contained in the plea colloquy is controlling. E.g., State v. Williams, 712 So.2d 762, 764 (Fla.1998). The oral pronouncement provided for a 2 % year period of incarceration followed by 2 \ years probation on the possession of cocaine case, ■ followed by 5 years probation on the attempted arson case. Plainly the 5-year period of probation had not expired at the time the affidavit of violation was filed. Defendant’s argument on this issue is without merit.
However, we affirm the sentence but remand to the trial court with directions to award credit for 62 days previously served against the new prison sentence.
Affirmed in part and remanded with directions.