780 So.2d 326 (2001)
Craig Leandrew HEPBURN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-854.
District Court of Appeal of Florida, Third District.
March 28, 2001.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
SORONDO, J.
Craig Leandrew Hepburn appeals from an order of revocation of probation and sentence. We affirm.
Hepburn was charged with sexual battery on a victim under the age of twelve. On October 19, 1994, he plead guilty to a reduced charge of attempted sexual battery on a minor and was placed on probation for five years. The order of probation contained special conditions that Hepburn was to participate in supervised mental health counseling, have no contact with the *327 victim or any child under eighteen years except family members and "[e]arly termination after three (3) years if no violations."
In 1996, several affidavits were filed alleging that Hepburn had violated his probation. At the conclusion of the probation violation hearing based on these affidavits in March 1997, the court found that Hepburn was not in violation of his probation. The court added a requirement of monthly reports from the Locktown Mental counseling sessions, psychotherapy and medication, and restored Hepburn to supervision.
Thereafter, affidavits of violation of probation were filed on October 14, 1998 and March 3, 1999. On March 23, 1999, an amended affidavit of violation was filed alleging that Hepburn had violated probation by failing to pay costs of supervision, committing the offense of sexual battery and being terminated from the mental health counseling program.
A probation violation hearing was held in November 1999. It was established at the hearing that Hepburn was terminated from the mental health counseling program in February 1999, after another patient in the program alleged that he had been sexually assaulted by Hepburn in a bathroom at the program's location. The victim testified that he had sex with Hepburn in the bathroom on nine occasions, four of which were not consensual. The victim testified that one of the rules of the program was that there could not be any sex on the premises. When the victim told Hepburn that having sex on the premises was against the rules, Hepburn threatened to crush the victim's ribs if he did not have sex with him. The police had investigated the allegations of sexual assault made by the patient and decided not to charge Hepburn with any offense.
The state argued that Hepburn violated the special condition of his probation by taking part in acts that resulted in the termination of his counseling. The defense argued that he was not in violation because the police did not charge him. After further hearings, the court found that Hepburn had violated probation, revoked it, and sentenced him to twenty-seven years in state prison, with a recommendation that he be placed in a facility with a Mentally Disordered Sex Offender program. The court indicated it would consider mitigation if Hepburn was placed in Martin Correctional, was amenable to treatment and received such.
Hepburn raises only one issue in this appeal. He argues that because the written order of probation reads, "Early termination after three (3) years if no violations," his probation was automatically terminated in October of 1997. Because the revocation of his probation was based on affidavits filed on October 14, 1998, March 3, 1999, and March 23, 1999, the argument goes, the court had lost jurisdiction over the defendant.[1] We disagree.
Initially, we take note that although the clerk of the court prepared the final order of probation to read, "Early termination after three (3) years if no violations," the trial judge was far more specific in his oral pronouncement of Hepburn's sentence. Having conducted the plea colloquy envisioned by the rules of criminal procedure, the court said:
[T]he court will adjudicate the defendant guilty of the reduced charge of the attempted sex battery on a child and place the defendant on probation for five years, which may be terminated early after three years of probation, if all conditions have been met and there are no violations.

Special conditions outlined by the state attorney, mental health counseling and any medication that the defendant is required to take, no contact with the *328 victim or his family, and no contact with any minors who are not members of the defendant's family.
(Emphasis added). The trial court's oral pronouncement of sentence clearly contemplated that all special conditions of probation would be satisfied before early termination of probation would be contemplated. It is well settled that the oral pronouncement contained in the plea colloquy is controlling over the written probation order. See State v. Williams, 712 So.2d 762, 764 (Fla.1998); Minichino v. State, 776 So.2d 994 (Fla. 3d DCA 2001).
We hold that where a trial court imposes a probationary period with special conditions and further offers early termination of that probation upon successful completion of all such conditions, the early termination provision is not self-executing. If and when the special conditions are completed before the natural expiration of the probationary sentence, either the defendant or the Department of Corrections must advise the trial court that all such conditions have been satisfied and request early termination. Once the court has confirmed that all special conditions have been fulfilled it will then terminate the probation. See §§ 948.04-.05, Fla. Stat. (1993); see generally Arriaga v. State, 666 So.2d 949 (Fla. 4th DCA 1996).
Affirmed.
NOTES
[1] The record does not reflect that Hepburn ever moved for early termination of his probation.