PER CURIAM.
Appellant Harmon Manning appeals the April 21, 2003 order of modification of probation. Appellant alleges, among other things, that his probation automatically terminated on April 5, 2002, when he paid the remaining amount of outstanding restitution and costs. We agree, and, therefore, reverse. Because this issue is dispos-itive, we need not address any other issue raised in appellant’s brief.

I. Background

In 1999, a jury convicted appellant of grand theft. Adjudication was withheld and appellant was placed on two years probation. In June 2001, appellant’s probation officer filed an affidavit of violation of probation. Appellant was in arrears in his payment of restitution and costs of supervision and a violation hearing was conducted on February 18, 2002. The amount of outstanding restitution and costs at that time was $746.09. At the hearing, the trial court made the following oral pronouncement modifying appellant’s probation and adding a special condition of probation:
I’m going to reinstate you. You’re set to expire on April 4th. You’ve got restitution to pay and an undetermined amount of costs, but you’ve not had time to pay it, so I’m going to extend your probation for one year from today. I’m going to add as a special condition, not just a general condition that I read, that I’ll be putting to you later on, if you provide Mr. Whistler the documentation that you generate from your business, sufficient for him to determine whether it’s income or not, what you’re making, and I’m going to help you out with that. I’m going to put in this order, this new one, that as soon as you have filed proof of payment of the last $500 of restitution — you might think about that and see if you can help yourself out with that — once you’ve filed with your probation officer some kind of receipt or proof that these fees have been and you’ve paid the other costs, your probation will automatically terminate. So if you don’t want to tell him all this personal stuff about your business dealings, pay it off, and you’re done. If you don’t, you’ve got to satisfy him of your income on a schedule that he directs, because he’s obligated to get that information. So unless you’re unclear about what I said, we’re not negotiating.
(Emphasis added).
Following the hearing, the trial court entered a written order of modification of probation. The trial court entered a sec *533 ond written order on February 26, 2002, nunc pro tunc to February 18, 2002, that extended probation by one year from the original termination date of April 3, 2002, required appellant to provide. documentation concerning his business, so that the probation officer could determine his employment status and money earned, and provided that probation may terminate when restitution is paid in full and all other terms and conditions are met. On April 5, 2002, appellant paid $775.00 to his probation officer, an overpayment of $28.91.
On May 2, 2002, appellant’s probation officer filed an affidavit of violation of probation alleging that appellant failed to file reports and failed to comply with the condition regarding documentation concerning his employment and income. The violation report indicated that “[a]ll financial obligations from the original term of supervision have been paid in full,” but noted that appellant had not paid costs of supervision for the extended period of supervision from 4/3/02 to 4/3/03. At the violation hearing appellant alleged that the oral pronouncement conflicted with the written order regarding the termination of the probation. The hearing was continued several times and at the conclusion of the hearing, the court found that appellant had willfully and substantially violated probation. The court modified appellant’s probation, converting all previously ordered monetary obligations into a civil judgment and requiring appellant to serve five consecutive weekends in jail, with probation terminating upon appellant’s reporting to jail on the fifth weekend.

II. Termination of Probation

At the February 18, 2002 hearing, the trial court instructed appellant that as soon as he filed proof of payment in full of the outstanding restitution and costs to his probation officer, then his probation would automatically terminate. The trial court also stated that if appellant paid off the amount in full, then he would not have to file documentation of his business dealings. On April 5, 2002, appellant paid $775.00 as payment in full for the $746.09 owed from the original term of supervision. Appellant’s probation terminated on that date pursuant to the trial court’s oral pronouncement. Appellant complied with the trial court’s oral pronouncement, and the oral pronouncement is controlling. See State v. Williams, 712 So.2d 762, 764 (Fla.1998)(holding that a general condition of probation may be included in a written order, even if not orally pronounced, but that a special condition of probation may only be included in the written order if announced orally at sentencing, and noting “that there is a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary.”). The trial court was, therefore, without jurisdiction to modify appellant’s probation after April 5, 2002, and the court erred in entering the April 21, 2003 order. Accordingly, we reverse the April 21, 2003 order modifying appellant’s probation, and remand with directions that the trial court discharge the civil judgment entered against appellant and order the state to reimburse appellant any amount paid in excess of the $746.09 owed from the original term of supervision.
REVERSED and REMANDED with directions.
BROWNING, LEWIS and POLSTON, JJ., concur.