SALCINES, Judge.
The State appeals from the trial court’s *506 denial of restitution.[1] We reverse.
Witthaus was charged with aggravated assault, driving under the influence, and leaving the scene of a crash involving property damage as a result of incidents which occurred on April 19, 2005. Witthaus appeared before the trial court on June 9, 2005, for a plea and sentencing hearing. Witthaus entered a plea to the three charged offenses agreeing, among other things, to make restitution to the victim of the aggravated assault.
Regarding the aggravated assault, during the preliminary discussions between counsel and the trial court prior to the acceptance of the plea, the trial court asked the prosecutor how much restitution was owed to the victim. The prosecutor did not know the entire amount at that time. The trial court indicated that it would order restitution, but since the amount to be imposed was unknown, it would rely on the State to set a status check and would “retain” for ninety days to set a restitution amount. After accepting the plea, the trial court pronounced “two years probation, restitution; I’ll retain on the issue of how much restitution.”
That oral pronouncement took place at the sentencing hearing on June 9, 2005. A written order of probation was filed June 29, 2005; it included a condition requiring Witthaus to pay restitution “in an amount to be determined” and further stated “the restitution shall be determined within 90 days.” A written order setting the amount of restitution was rendered on September 30, 2005, after the ninety-day period had elapsed.
Witthaus filed a motion to strike the order setting restitution arguing that the trial court announced it would retain jurisdiction for ninety days and that the State presented the restitution amount outside the ninety-day period set by the trial court. Witthaus’s motion was granted, and the order setting restitution was stricken. The trial court erred in striking that order.
“[A]n order of restitution must be imposed at the time of sentencing or within sixty days thereafter. If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period.” State v. Sanderson, 625 So.2d 471, 473 (Fla.1993). Furthermore, if restitution is made an original condition of probation, a trial court can properly determine the amount of restitution at a later date. Gladfelter v. State, 618 So.2d 1364, 1365 (Fla.1993).
Section 948.03(1), Florida Statutes (2005), sets forth standard terms and conditions of probation. One of the standard conditions provides that a probationer “[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by his or her offense in an amount to be determined by the court.” § 948.03(l)(e). As opined by our sister court, the foregoing statutory provision “does not specify when the court must determine the amount, and we conclude that to be a procedural matter falling within the discretion of the trial court.” McCaskill v. State, 520 So.2d 664, 665 (Fla. 1st DCA 1988).
*507 Witthaus agreed to make restitution as part of his plea agreement, the trial court ordered restitution at sentencing, and restitution was timely imposed as a condition of probation within sixty days of sentencing. Although the trial court imposed a deadline of ninety days in which to determine the amount of restitution, that self-imposed deadline did not act to divest the trial court of its jurisdiction to determine the amount of restitution. Instead, the trial court’s self-imposed deadline was a matter of procedure falling within the purview of its discretion. See McCaskill, 520 So.2d at 665.
At the time the trial court entered the order setting the amount of restitution to be made by Witthaus — an amount to be paid by Witthaus as a condition of his probation for a probationary sentence then in effect — it had jurisdiction to make such a determination. Cf. Davis v. State, 685 So.2d 1357, 1358 (Fla. 2d DCA 1996) (holding trial court lacked jurisdiction to amend restitution order; “while the court can set the amount of restitution more than sixty days after entry of an order imposing restitution, the court cannot modify an already-ordered amount of restitution beyond the sixty day period”).
In the present case, the trial court not only timely ordered restitution, see L.O. v. State, 718 So.2d 155, 158 (Fla.1998) (recognizing oral pronouncement as “sufficient to constitute an initial order of restitution”), it also timely imposed a condition of probation requiring restitution in an amount to be determined. See State v. Hiscox, 677 So.2d 862, 863 (Fla. 2d DCA 1996) (holding “because restitution was made an original condition of the probation order which was filed fifteen days after the sentencing hearing, the trial court could properly determine the amount of restitution at a later date”). Further, although the trial court had authority to determine the amount of restitution under these facts regardless of an express reservation of jurisdiction, the trial court’s pronouncement adequately reserved jurisdiction to determine the amount of restitution at a later date. See L.O., 718 So.2d 155 (reaffirming holding in Sanderson, 625 So.2d 471); Albury v. State, 779 So.2d 423 (Fla. 2d DCA 2000) (holding trial court had jurisdiction to enter restitution order; although restitution hearing took place after the forty-five day hearing date set by the trial court and more than sixty days after pronouncement of sentence, trial court’s pronouncement adequately reserved jurisdiction); Skaggs v. State, 620 So.2d 1304, 1304-05 (Fla. 2d DCA 1993) (opining, in dicta, that trial court’s pronouncement reserving jurisdiction for sixty days to determine whether to impose restitution was sufficient to reserve jurisdiction to make such determination sixty-three days later).
Accordingly, we reverse the order striking the restitution order and remand for reinstatement of the order setting the amount of restitution.
Reversed and remanded with directions.
NORTHCUTT and VILLANTI, JJ., Concur.

. The order appealed is an order that struck a previously entered restitution order setting the amount of restitution to be made as a condition of probation. It had the practical effect of denying restitution. Thus, the order was essentially an order denying restitution. Accordingly, we review this matter as an appeal from an order denying restitution. See State v. Hitchmon, 678 So.2d 460, 462 (Fla. 3d DCA 1996) (finding order striking condition of probation that requires restitution is properly viewed as order denying restitution appealable by the state).