997 So.2d 1276 (2009)
Benjamin GIPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4635.
District Court of Appeal of Florida, Fourth District.
January 7, 2009.
*1277 Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant appeals an order denying his motion for relief from an illegal sentence. The sentence in question arose from an order revoking probation and sentencing him to 10 years in prison. His principal contention is that under the plea agreement for the underlying conviction, his probation had terminated before the alleged violation and, consequently, the court lacked jurisdiction to revoke probation, making the sentence illegal. We agree and reverse.
Defendant pleaded guilty under a plea agreement. The plea form states his probation sentence would terminate "after 5 years ... no restitution." Each provision is initialed by defendant, and the form was signed by defendant, his attorney, and the sentencing judge. In pronouncing sentence, the trial judge said: "probation will early terminate at the end of five years...." We contrast the circumstances in this case with Hepburn v. State, 780 So.2d 326 (Fla. 3d DCA 2001), where in pronouncing sentence the judge said that probation "may be terminated early after three years ... if all conditions have been met and there are no violations." Here the agreement and the pronouncement are unequivocal that probation terminates after 5 years. Hence the trial court lacked jurisdiction after the lapse of 5 years to revoke defendant's probation.
Reversed.
HAZOURI, J., and PALMER, WILLIAM D., Associate Judge, concur.