CASANUEVA, Chief Judge.
Dorian Kimberly Mathews appeals orders finding her in violation of the terms of her probation, revoking that probation, and imposing a prison sentence. However, Ms. Mathews’ probation may have automatically terminated before the alleged violations because she asserts that she fully complied with a special condition providing for early termination. If she complied, the trial court was without jurisdiction to revoke probation or impose a prison sentence. Accordingly, we reverse the orders on appeal and remand for a new violation of probation hearing.
Ms. Mathews began her probationary term after pleading guilty to three counts of possession of controlled substances. The next month her probation officer filed an affidavit alleging she violated the terms of her probation. At a hearing on that violation of probation, Ms. Mathews’ counsel informed the court that she planned to travel to New Jersey so her mother could take responsibility for her. The trial court reinstated all the terms of her probation but added one condition. It orally pronounced that “[Ms. Mathews] can be released to her sister on Saturday morning at seven a.m. directly to the airport, get on that plane. When you get [to New Jersey], call your probation officer and tell *930 them that you’re there and your probation can terminate.” The trial court memorialized this added condition in a written order that stated, “Once defendant gets to New Jersey she is to call her Probation Officer. Once verified her Probation can terminate.”
Three months later, Ms. Mathews’ probation officer submitted an affidavit of violation of probation alleging that Ms. Mathews had violated (1) condition six by associating with persons engaged in criminal activities, (2) condition seven by possessing Xanax without a prescription, and (3) condition nine by failing to relocate permanently to New Jersey and failing to comply with the instructions of her probation officer. The allegation regarding condition nine asserted that Ms. Mathews informed her probation officer that she never planned on staying in New Jersey and that she refused to comply with the probation officer’s request that she obtain a New Jersey identification card.
At the hearing on this affidavit of violation, Ms. Mathews admitted violating all three conditions. She also explained, through counsel, that she had traveled to New Jersey and called her probation officer. She claimed that she was unable to procure the identification card because the necessary sources of identification were in a storage unit in Florida. The State offered to have the probation officer testify, but the trial court declined. In fact, the court heard no testimony at this hearing. Instead, the court found Ms. Mathews guilty of violating only condition seven by possessing Xanax without a prescription and imposed an eighteen-month prison sentence.
On appeal, Ms. Mathews argues that the trial court lacked jurisdiction to revoke her probation because it had terminated when she called her probation officer from New Jersey. This issue is a question of fundamental error and may be raised for the first time on appeal. See Wright v. State, 47 So.3d 972, 973 n. 1 (Fla. 4th DCA 2010) (addressing an argument that the trial court lacked jurisdiction when the alleged violation occurred after the probationary term ended). Ms. Mathews did not waive the argument by admitting to violating her probation. See id. at 973.
The State answers that Ms. Mathews’ probation did not terminate because she did not comply with her probation officer’s subsequent instructions to obtain a New Jersey identification card and transmit that documentation to him. The State also argues that the trial court intended that Ms. Mathews permanently relocate to New Jersey and not return to Florida. Notably, the State does not argue that Ms. Mathews did not travel to New Jersey or that she did not call her probation officer when she arrived.
The condition’s plain language required Ms. Mathews to do two things — travel to New Jersey and call the probation officer from there. If Ms. Mathews’ statements are true, then she complied fully with both of these court-imposed requirements and her probation instantly terminated upon their completion. See Manning v. State, 890 So.2d 531 (Fla. 1st DCA 2005) (holding that once defendant had fulfilled an orally pronounced special condition that allowed his probation to automatically terminate, the trial court could not find him guilty of a violation that occurred subsequent to the date he complied with the special condition); Gipson v. State, 997 So.2d 1276 (Fla. 4th DCA 2009) (holding that the defendant’s probation automatically terminated after five years when the trial judge, when pronouncing sentence, said “probation will early terminate at the end of five years”). The trial court is divested of jurisdiction over a probationer once the term of proba *931 tion expires. See Francois v. State, 695 So.2d 695, 697 (Fla.1997). If Ms. Mathews called from New Jersey, her probation terminated at that time and she had no legal responsibility to comply with her probation officer’s subsequent demands regarding the New Jersey identification card.
Consequently, we reverse the orders on appeal and remand for a new violation of probation hearing. On remand, the trial court shall first take testimony to determine whether Ms. Mathews traveled to New Jersey and called her probation officer from there. If the trial court determines that she complied with both those requirements, it shall dismiss the affidavit of violation of probation for lack of jurisdiction.
Reversed and remanded with instructions.
VILLANTI and MORRIS, JJ., Concur.