DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**THOMAS MADDEX,**
Appellee.

No. 4D13-2348

[March 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 12002859CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Zainabu Rumala, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

The State appeals an order which essentially denied restitution to the victim. The State argues, and we agree, that the trial court erred in reaching its conclusion that it had no jurisdiction over the defendant. We therefore reverse.

The State charged the defendant with burglary of an unoccupied conveyance. Pursuant to the plea agreement, the defendant pled no contest, and the trial court withheld adjudication, placed the defendant on probation for eighteen months, ordered restitution, and reserved jurisdiction to determine the amount. The order also provided that "Probation shall automatically terminate after 9 months if Restitution paid in full."

Restitution hearings were set on multiple occasions, but no amount was ordered before the trial judge was reassigned to another division. Just after the defendant completed one year of probation, another restitution hearing was heard before the newly assigned judge. Defense counsel

argued the successor court lacked jurisdiction because probation had automatically ended upon completion of nine months per the trial court's order.

The State responded that the early termination provision was not automatic, but conditioned upon the payment of restitution. Restitution hearings had been set on July 10, 12, and 26, 2012, during which the State had admitted evidence of $800 in restitution, but the trial court had asked to reset the hearing for more evidence. Because the trial court had been in trial, no further hearings were set before the original judge transferred from the division.

The successor court found: "The restitution right now is zero. His restitution is paid in full." The successor court indicated that he took over the division six months before the hearing and the State could have scheduled a hearing earlier. The successor court concluded:

> So, between the case law provided and also using I guess the tie-breaker rule which under the rule of lenity, which requires that issues that aren't expressly dictated by case law should be resolved in favor of the defendants, the Court is going to find that it no longer has jurisdiction over Mr. Maddex and his probation is terminated. The nine-month period has expired and no amount of restitution was required to be paid and his probation is terminated by virtue of the disposition from June 18, 2012. Court no longer has jurisdiction over Mr. Maddex.
> . . . .
> I want an order because if the State is going to appeal me, which they very well might, I want an order basically stating the Court is not terminating probation, the Court finds it has no jurisdiction over Mr. Maddex at this point because his probation terminated by virtue of the sentence that was imposed on June 18, 2012 since restitution at this point was never ordered in any particular amount.

The written order provided:

> The Court hereby finds that all pre-conditions for automatic early termination were met & the defendant's probation should have terminated on 3/18/2013. The Court, therefore, no longer has jurisdiction to order restitution or to consider a violation, in the above-listed case. This finding is based on the plea sheet, disposition, case law & arguments presented by counsel as is further supported by the Court's statements

in open court.

From this order, the State now appeals.

The State argues the trial court erred in determining that the provision for early termination of probation after nine months set an outside limit for determining the amount of restitution and acted as an automatic termination of the defendant's probation. The defendant responds that we lack jurisdiction and should dismiss because there is no appealable order. The State replies that we have jurisdiction, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(O) and section 924.07(1)(k), Florida Statutes (2012), as the order essentially denied restitution. We agree with the State.

"The State's right to appeal in a criminal case must be 'expressly conferred by statute.'" *Exposito v. State*, 891 So. 2d 525, 527 (Fla. 2004) (quoting *Ramos v. State*, 505 So. 2d 418, 421 (Fla. 1987)). Section 924.07 authorizes circumstances where the State may appeal in a criminal case. "[L]imitations on the State's right to appeal in a criminal case are not new; the State's right to appeal in criminal cases historically has been extremely limited." *State v. McMahon*, 94 So. 3d 468, 472 (Fla. 2012).

The State's notice of appeal states: "NOTICE IS HEREBY GIVEN that the State of Florida, Plaintiff/Appellant, appeals to the Fourth District Court of Appeal, State of Florida, *the Final Order denying Restitution*, in the above-styled cause, rendered June 20, 2013." (Emphasis added). Under section 924.07(1)(k), the State may appeal "[a]n order denying restitution under s. 775.089." § 924.07(1)(k), Fla. Stat. (2012). Under Rule 9.140(c)(1)(O), the State may appeal an order "denying restitution." Fla. R. App. P. 9.140(c)(1)(O).

The defendant relies on *State v. Witthaus*, 944 So. 2d 505 (Fla. 2d DCA 2006) to argue we lack jurisdiction. There, the court ordered the defendant to pay restitution as part of a plea agreement and reserved the right for ninety days to set the amount. *Id.* at 506. The trial court entered an order determining the restitution amount beyond the court-set ninety-day period. *Id.* The defendant moved to strike the restitution order for lack of jurisdiction. *Id.* The trial court granted the motion and the state appealed. *Id.*

In a footnote, the Second District discussed jurisdiction:

> The order appealed is an order that struck a previously entered restitution order setting the amount of restitution to

be made as a condition of probation. *It had the practical effect of denying restitution. Thus, the order was essentially an order denying restitution.* Accordingly, we review this matter as an appeal from an order denying restitution. *See State v. Hitchmon*, 678 So. 2d 460, 462 (Fla. 3d DCA 1996) (finding order striking condition of probation that requires restitution is properly viewed as order denying restitution appealable by the state).

*Id.* at 506 n.1 (emphasis added). We find the Second District's footnote persuasive.

While the successor court's order did not expressly deny restitution, it essentially did so. The State is authorized to appeal orders denying restitution. We therefore have jurisdiction.

With jurisdiction being resolved, we turn to the merits of the order. We have de novo review. *Koile v. State*, 934 So. 2d 1226, 1229 (Fla. 2006).

If "restitution [is] made an original condition of the probation, the court [can] properly determine the amount of restitution at a later date. We do not construe rule 3.800 as requiring this to be done within sixty days." *Gladfelter v. State*, 618 So. 2d 1364, 1365 (Fla. 1993). Here, the trial court ordered restitution as a condition of probation at sentencing. The trial court reserved jurisdiction to determine the amount. The trial court did not restrict its reservation of jurisdiction to a specified time. In fact, three separate hearings were set within six weeks of the sentencing date.

When the successor court determined that it lacked jurisdiction because the defendant's probation had automatically terminated after nine months, it misinterpreted the original trial court's order. The order stated: "Probation shall automatically terminate after 9 months *if Restitution paid in full.*" (Emphasis added). Giving plain meaning to its wording, the original trial court provided for early termination of probation after nine months if the defendant paid restitution. The fact that the amount remained undetermined at nine months did not transform the condition for early termination into either a time limitation on restitution or an automatic termination of probation. *Compare Gipson v. State*, 997 So. 2d 1276, 1277 (Fla. 4th DCA 2009) (finding that "'probation will early terminate at the end of five years'" showed automatic termination after five years), *with Hepburn v. State*, 780 So. 2d 326, 327–28 (Fla. 3d DCA 2001) (finding "may be terminated early after three years of probation, if all conditions have been met and there are no violations" was not self-executing).

This case is analogous to *Manning v. State*, 890 So. 2d 531 (Fla. 1st DCA 2005). There, "the trial court instructed appellant that as soon as he filed proof of payment in full of the outstanding restitution and costs to his probation officer, then his probation would automatically terminate." *Id.* at 533. The court found that when the appellant paid the restitution, his probation terminated on that date. *Id.*

Here, similar to *Manning*, the defendant would get automatic probation termination only once restitution was paid in full. However, because the trial court had not determined the amount of restitution, the defendant could not pay it in full, and his probation would not automatically terminate at nine months.

In conclusion, we agree with the State that the successor court erred in finding it had no jurisdiction because the defendant's probation had automatically terminated. We therefore reverse. The victory for the State, however, is a pyrrhic one. The defendant's eighteen-month probation sentence ended its natural life on December 18, 2013. "The trial court is divested of jurisdiction over a probationer once the term of probation expires." *Mathews v. State*, 58 So. 3d 929, 930–31 (Fla. 2d DCA 2011). The time has run for the victim to obtain restitution through the criminal justice system.[1]

*Reversed.*

STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] "The restitution statute was adopted for the benefit of crime victims. It is intended to provide an additional alternative to reimburse a crime victim, over and above traditional remedies like a civil lawsuit." *State v. Hitchmon*, 678 So. 2d 460, 462 (Fla. 3d DCA 1996). The victim may, however, pursue reimbursement by bringing a civil lawsuit against the defendant to recover damages as a result of the burglary.