DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ISAAC HART, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3992
_____

September 6, 2024

Appeal from the Circuit Court for Manatee County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public Defender, and Matthew J. Salvia, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

Isaac Hart, III, appeals the trial court's order revoking his probation and sentencing him to prison in case numbers 2019CF001069 and 2019CF001485. The trial court revoked Hart's probation after he admitted to committing two new law violations. The court also found that Hart posed a danger to the community. Hart argues on appeal that the trial court lacked jurisdiction to revoke his probation because his

probation had automatically terminated before he was alleged to have violated it. We disagree and affirm the order revoking his probation.

Hart's probation was set to end on June 13, 2023. However, he filed three letters with the court requesting an early termination of his probation. The second, filed on March 4, 2022, is particularly relevant to this appeal. In that letter, Hart requested an early termination of his probation, stating that he had completed his conditions of probation including resolving prior outstanding monetary conditions. On March 7, 2022, the trial court entered an order asking that the State and Hart's probation officer respond within ten days to Hart's request for early termination. The court added that "[i]f no written objection is received by March 21, 2022, the Court will grant the motion without further notice."

Although the State did not respond, the Department of Corrections (DOC) responded on March 23, 2022, indicating that it did not object to the early termination of Hart's probation. However, on March 20, 2022, before the DOC had responded, Hart was arrested for crimes that allegedly occurred that day. A criminal report affidavit was filed on March 21, 2022, alleging that Hart had committed a battery in violation of his probation. On April 13, 2022, the DOC filed a violation of probation (VOP) report and an affidavit alleging that Hart committed two violations of probation on March 20, 2022.

On May 11, 2022, Hart sent another letter to the trial court requesting the early termination of his probation. The trial court denied this request. The court later held a hearing on Hart's alleged violations. Hart admitted to the alleged violations, and the trial court revoked his probation. At a later sentencing hearing, the trial court noted that Hart qualified as a violent felony offender of special concern. The court found that Hart did not qualify for a downward departure sentence and was a

2

danger to the community. The court entered revocation orders in both of Hart's underlying cases and sentenced Hart to concurrent prison sentences of 59.025 months.

In his argument on appeal challenging the trial court's jurisdiction, Hart contends that the trial court's order of March 7, 2022, was self-executing. He asserts that because neither the State nor DOC objected to the early termination of his probation by March 21, 2022, his probation automatically terminated. In support, he cites to *Mathews v. State*, 58 So. 3d 929 (Fla. 2d DCA 2011), and *Manning v. State*, 890 So. 2d 531 (Fla. 1st DCA 2005). Both cases are distinguishable.

In *Mathews*, Dorian Kimberly Mathews was accused of violating her probation. 58 So. 3d at 929. At the violation hearing, counsel informed the court that Mathews intended to travel out of state so that her mother could take responsibility for her. *Id.* The court reinstated all terms of probation but added that Mathews "can be released to her sister on Saturday morning at seven a.m. directly to the airport, get on that plane. When you get [to New Jersey], call your probation officer and tell them that you're there and your probation can terminate." *Id.* at 929-30 (alteration in original).

Three months later, Mathews' probation officer submitted another VOP affidavit alleging that Mathews had violated multiple terms of her probation. *Id.* at 930. The affidavit also alleged that she "informed her probation officer that she never planned on staying in New Jersey and that she refused to comply with the probation officer's request that she obtain a New Jersey identification card." *Id.* Although no testimony was taken at the VOP hearing, Mathews admitted to violating the terms of her probation; however, her counsel explained that she had traveled to New

3

Jersey and called her probation officer. *Id.* The court found her guilty of the VOP and imposed a prison sentence. *Id.*

On appeal, Mathews argued that the trial court lacked jurisdiction to revoke her probation because her probation terminated once she called her probation officer from New Jersey. *Id.* We recognized that a "trial court is divested of jurisdiction over a probationer once the term of probation expires." *Id.* at 930-31. We concluded that because Mathews' probation was to have terminated once she traveled to New Jersey and called her probation officer to report that she had arrived, she would have "had no legal responsibility to comply with her probation officer's subsequent demands." *Id.* at 931. Because no testimony had been taken at the revocation hearing, we reversed and remanded for a new hearing with instructions that the trial court take testimony to determine whether Mathews had traveled to New Jersey and had called her probation officer from there. *Id.* at 930-31.

In *Manning*, Harmon Manning was in violation of the terms of his probation due to being in arrears in his payment of restitution and costs. 890 So. 2d at 532. Following a hearing in February 2002, he was reinstated to probation with the condition that "once [he] filed with [his] probation officer some kind of receipt or proof that these fees have been and [he's] paid the other costs, [his] probation [would] automatically terminate." *Id.* (emphasis omitted). In May 2002, after Manning had paid his fees and costs, a VOP affidavit was filed alleging that Manning "failed to file reports and failed to comply with the condition regarding documentation concerning his employment and income." *Id.* at 533. In April 2003, following a hearing, the trial court modified Manning's probation and required him to serve five consecutive weekends in jail. *Id.* On appeal, the First District reversed the 2003 modification order

4

concluding that the trial court did not have jurisdiction to modify Manning's probation because his probation had automatically terminated when he paid his outstanding fees and costs in full. *Id.*

Here, in its March 7, 2022, order, the trial court stated it would grant Hart's motion for early termination of probation without further notice if it did not receive any objection from the State or DOC by March 21, 2022. However, the new law violations occurred on March 20, 2022, prior to the court entering an order granting Hart's motion and terminating his probation. Thus, the situation in the present case is distinguishable from both *Mathews* and *Manning* as those cases did not require any further judicial action for the early termination of probation to take effect. The trial court's March 7, 2022, order did not grant Hart's motion or provide for the automatic termination of his probation, and Hart's VOP occurred before the date the trial court had set for the State and DOC to respond to Hart's request for early termination. Thus, the trial court was not deprived of jurisdiction to consider Hart's VOP and to deny his request for early termination of probation.

Affirmed.

NORTHCUTT and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.