VTLLANTI, Judge.
 

 At a hearing revoking Thomas Henry’s probation and sentencing him on a conviction for grand theft, the circuit court ordered that the restitution Henry had previously agreed to pay as a condition of his probation would be converted to a judgment lien. Henry did not object to this conversion of his preexisting restitution obligation to a judgment lien, and the trial court rendered a written order memorializing its oral ruling on restitution shortly after the revocation hearing. However, in the time between the revocation hearing and the rendition of the written order imposing the judgment lien for restitution, Henry filed his notice of appeal. He now contends that the order imposing the judgment lien for restitution is void because it was rendered at a time when the circuit court had no jurisdiction. On these facts, we disagree and affirm.
 

 There is no dispute that a trial court may not
 
 impose
 
 restitution after a notice of appeal has been filed.
 
 See L’Heureux v. State,
 
 968 So.2d 628, 630 (Fla. 2d DCA 2007);
 
 Pearson v. State,
 
 686 So.2d 721, 721 (Fla. 2d DCA 1997). However, a trial court has jurisdiction to render written orders after a notice of appeal is filed when those orders simply memorialize oral rulings made by the court prior to the notice of appeal being filed.
 
 See, e.g., Koleta v. State,
 
 592 So.2d 1267, 1268 (Fla. 2d DCA 1992) (stating that the filing of a premature notice of appeal does not divest the trial court of jurisdiction to render orders on prior oral rulings and holding that when the trial court had orally stated its reasons for imposing a departure sentence at the sentencing hearing, the filing of a notice of appeal did not divest the court of jurisdiction to reduce its oral reasons to writing);
 
 State v. Johns,
 
 576 So.2d 1332, 1335 (Fla. 5th DCA 1991) (holding that the State’s premature notice of appeal did not divest the trial court of jurisdiction to render an order memorializing a sentence that was orally imposed before the notice of appeal was filed);
 
 see also
 
 Fla. R.App. P. 9.110(i) (providing that “[i]f a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature” but also that “[bjefore dismissal, the [appellate] court in its discretion may permit the lower tribunal to render a final order.”). Thus, a prematurely filed notice of appeal does not, as a matter of law, divest the trial court of jurisdiction to reduce to writing and render an order memorializing an
 
 *319
 
 oral ruling the court made before the notice of appeal was filed.
 

 Here, the record is clear that the trial court orally imposed the judgment lien for restitution in a specific amount at a properly noticed hearing before Henry filed his notice of appeal. Under these circumstances, the trial court had jurisdiction to render an order memorializing its ruling on restitution, and the premature notice of appeal filed by Henry did not divest the trial court of this jurisdiction. Accordingly, we affirm.
 

 Affirmed.
 

 SILBERMAN and LaROSE, JJ., Concur.