LaROSE, Judge.
Paul Bernardi appeals the revocation of his community control and resulting sentence. He admitted violating community control, which was imposed for the underlying conviction of grand theft from a person sixty-five years of age or older. See §§ 812.014(2)(c), .0145, Fla. Stat. (2008). Mr. Bernardi argues that the trial court lacked jurisdiction to enter a written restitution order after he filed a notice of appeal. He also argues that the trial court ordered restitution in an amount different from that orally pronounced and payable to a person other than the victim. We reverse.
Mr. Bernardi’s grand theft conviction stemmed from cashing nine checks, which he wrote to himself from the victim’s checkbook, and pawning the victim’s personal property. The trial court originally ordered Mr. Bernardi to pay the victim $3000 in restitution as a special condition of community control. At the plea hearing on the community control violation, the trial court orally pronounced that it would assess the $3000 restitution amount as a lien against Mr. Bernardi. Mr. Bernardi timely filed a notice of appeal. A few weeks later, the trial court issued a written restitution order in the amount of $1180 payable to Amscot. Our record contains no other mention of Amscot as a victim or of an $1180 restitution amount.
The State urges us to affirm on the basis of Henry v. State, 42 So.3d 317 (Fla. 2d DCA 2010). In Henry, the trial court revoked probation and orally announced that the restitution Mr. Henry previously agreed to pay as a probation condition would be converted to a lien. Id. at 318. Between the revocation hearing and issuance of a written order, Mr. Henry filed his notice of appeal. Id. He argued that the restitution order was void for. lack of jurisdiction because the trial court issued it after he filed his appeal. Id. We agreed that a trial court may not impose restitution after filing of a notice of appeal. Id. (citing L’Heureux v. State, 968 So.2d 628, 630 (Fla. 2d DCA 2007); Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997)). However, we affirmed, holding that the filing of the notice of appeal did not divest the trial court of jurisdiction when issuance of the written order was simply a ministerial act memorializing the oral imposition of a judgment lien for restitution in a specific amount. Id. at 318-19.
In contrast, the written order here, entered after the notice of appeal, does not conform to the oral pronouncement either in amount or as to the payee. Therefore, we must reverse the written order of restitution and remand for the trial court to conduct another hearing and, if appropriate, reimpose restitution. See Renfroe v. State, 20 So.3d 1027, 1027 (Fla. 2d DCA 2009).
Reversed and remanded.
CASANUEVA, C.J., and VILLANTI, J., Concur.