SLEET, Judge.
Brian Scott Rattee challenges his judgment and sentence for burglary following a jury trial. On appeal, he argues that the trial court lacked jurisdiction to hold a restitution hearing and to enter a restitution order after he filed his notice of appeal. We agree.
On March 27, 2012, Rattee was tried and convicted of committing burglary. The court subsequently sentenced Rattee to fifteen years’ prison and reserved on the issue of restitution. Rattee filed a notice of appeal on April 9, 2012. On May 30, 2012, the trial court issued a restitution order in the amount of $20,000. Rattee’s attorney objected to the order on June 6, 2012, and the court held an evidentiary hearing. After the hearing, the trial court entered another restitution order in the amount of $16,150.
Even though a trial court may reserve jurisdiction on the issue of restitution, it loses jurisdiction to hold a restitution hearing or to enter a restitution order once a defendant files his notice of appeal. See Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997). We recognize that “a trial court has jurisdiction to render written orders after a notice of appeal is filed when those orders simply memorialize oral rulings made by the court prior to the notice of appeal being filed.” Henry v. State, 42 So.3d 317, 318 (Fla. 2d DCA 2010). However, the restitution orders entered in this case did not memorialize oral rulings made by the court prior to the notice of appeal being filed. Consequently, we reverse the order setting the amount of restitution. On remand, the trial court may conduct another hearing and again impose restitution.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ„ Concur.