CASANUEVA, Judge.
Jessica Frehe was convicted of burglary of an unoccupied conveyance following a guilty plea. We affirm Ms. Frehe’s judgment and sentence in this Anders[1] appeal without discussion, but we reverse as to the restitution order and remand for further proceedings.
Ms. Frehe was sentenced on January 27, 2014, restitution was ordered, and the trial court reserved jurisdiction as to the amount. A restitution hearing was held on February 24, 2014, and the trial court entered an order imposing restitution in the amount of $573. However, Ms. Frehe had filed a pro se notice of appeal on February 18, 2014.
“A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a. notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount.” Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997); see also Rattee v. State, 128 So.3d 876 (Fla. 2d DCA 2013). The trial court in this case thus did not have jurisdiction to hold a hearing and enter an order of restitution, since Ms. Frehe had already filed her notice of appeal. Accordingly, we reverse the order setting the amount of restitution. On remand, the trial court may conduct another hearing and again impose restitution.
Affirmed in part; reversed in part; remanded.
ALTENBERND and KHOUZAM, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).