NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

V.U.B., )
)
   Appellant, )
)
v. )  Case No. 2D14-3924
)
STATE OF FLORIDA, )
)
   Appellee. )
)

Opinion filed April 13, 2016.

Appeal from the Circuit Court for
Hillsborough County; Manuel A. Lopez,
Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

   V.U.B. appeals the order finding him guilty of the delinquent acts of

robbery and grand theft, withholding adjudication, and imposing probation for an

indefinite period of time not to exceed V.U.B.'s nineteenth birthday.  On appeal he

contends that the trial court lacked jurisdiction to enter the restitution order after he filed his notice of appeal. We agree.

The trial court entered a disposition order on July 24, 2014, and held a hearing on restitution on August 13, 2014. V.U.B. was not present at the restitution hearing. After hearing evidence from the State on the amount to be imposed, the trial court continued the hearing to August 27, 2014, and gave defense counsel an opportunity to submit case law and secure the attendance of his client. V.U.B. filed his notice of appeal on August 21, 2014. The trial court held a second hearing on restitution on August 27, 2014, which V.U.B. attended, and entered an order imposing $4220.27 in restitution. This was error.

"Even though a trial court may reserve jurisdiction on the issue of restitution, it loses jurisdiction to hold a restitution hearing or to enter a restitution order once a defendant files his notice of appeal." Rattee v. State, 128 So. 3d 876, 876 (Fla. 2d DCA 2013); see also Frehe v. State, 167 So. 3d 514, 514 (Fla. 2d DCA 2015) ("A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount." (quoting Pearson v. State, 686 So. 2d 721, 721 (Fla. 2d DCA 1997))). Although "a trial court has jurisdiction to render written orders after a notice of appeal is filed when those orders simply memorialize oral rulings made by the court prior to the notice of appeal being filed," Rattee, 128 So. 3d at 876 (quoting Henry v. State, 42 So. 3d 317, 318 (Fla. 2d DCA 2010)), that is not what occurred in this case.

While the restitution order may have been based on the evidence presented at the August 13, 2014, hearing, the trial court did not make any oral findings

on the record and expressly continued the issue of restitution to August 27, 2014, so that V.U.B. could be present. Accordingly, this restitution order did not fit the exception discussed in Rattee. Because the trial court lost jurisdiction when V.U.B. filed a notice of appeal on August 24, 2014, we reverse the restitution order. On remand the trial court may conduct another hearing and again impose restitution.

Reversed and remanded.

KHOUZAM and LUCAS, JJ., Concur.