DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHIQUITA LASHAE MCGEE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1022

[May 10, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF000330A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Chiquita McGee appeals the sentences imposed for exploitation of an elderly or disabled adult of $50,000 or more, and scheme to defraud a financial institution, and she argues that the trial court lacked jurisdiction to enter a restitution order after she filed her notice of appeal. The state correctly concedes error. *See Marro v. State*, 803 So. 2d 906, 907 (Fla. 4th DCA 2002) ("A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed.") (quoting *K.D. v. State*, 779 So. 2d 468, 468 (Fla. 2d DCA 2000))). The trial court did not announce a specified amount of restitution at sentencing, but the restitution orders entered after McGee filed her notice of appeal imposed specified amounts of restitution. If the trial court's post-appeal order merely memorialized its oral ruling, the court would have had jurisdiction to enter the order. *See V.U.B. v. State*, 189 So. 3d 303, 304 (Fla. 2d DCA 2016). But, as we explain below, that is not what occurred.

McGee argues that the trial court is not permitted to reenter the restitution order on remand, but we disagree. After holding a restitution

hearing, the trial court announced McGee's sentence, a prison term followed by probation with the condition that she pay restitution. The court announced it would enter a separate order for restitution, and it also announced that restitution would be paid in equal monthly installments. Eleven days later, and consistent with its oral pronouncement, the court entered a written order of probation providing as a condition of probation that McGee "will make restitution" to the victim named in the forthcoming restitution order and in the amount specified in that order, in equal monthly installments, "until the obligation is paid in full." The court apparently reserved jurisdiction to enter a more detailed order of restitution. *See Albury v. State*, 779 So. 2d 423, 424 (Fla. 2d DCA 2000) (recognizing that "no magic words are required" to reserve jurisdiction to impose restitution). McGee filed her notice of appeal, and afterward, the court issued restitution orders specifying the amounts owed to the two victims.

Under these circumstances, the court is permitted to reenter the restitution orders on remand. *See V.U.B.*, 189 So. 3d at 304 (remanding for trial court to conduct another restitution hearing and to again impose restitution where a partial restitution hearing had been held but the hearing was continued, and V.U.B. filed a notice of appeal before the hearing could be concluded).[1]

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The trial court does not need to hold another restitution hearing, as a full hearing was already held.